## HUNTER v. DOWDY et al.

1. There being, in a contest for the custody of a female minor·' child between its mother and an orphan asylum, evidence to· warrant a finding that the mother was a lewd and abandoned' woman, there was no abuse of discretion in awarding the custody of the child to the asylum.

2. The ordinary by whom the writ of habeas corpus was issued and heard committed no error in any of the rulings complained'. of in the petition for certiorari, and the judge of the superior· court therefore properly refused to sanction the same.

Argued February 25,—Decided March 22, 1897.

Petition for certiorari. Before Judge Felton. Bibb·· county. May 14th, 1896.

M. G. Bayne, for plaintiff in error. Dasher, Park & Gerdine, and Hill, Harris & Birch, contra.

LUMPKIN, Presiding Justice.

An elaborate discussion of the facts of this case would' be unprofitable. The law of it is free from doubt. We· simply hold that a habeas corpus court, in deciding a controversy over the custody of a young girl between her· mother and another, commits no abuse of discretion in' awarding the child to the latter, if there is evidence to warrant a finding that the mother is a lewd woman. It makes· no difference who the other contestant may be. Any fate· would be better for the child than the disgrace and ruin which would follow her prostitution. No place could be· a worse one for her than the home of a wicked and shameless mother.

We do not undertake to adjudicate that the woman who· was contending in this case for the custody of the girl was, in fact, lewd; but the judge before whom the case was heard evidently entertained the opinion that she was, and there· was ample evidence to support such a conclusion. There· was testimony to the contrary, but we would not, of course, be authorized to say that the finding of the judge upon

this disputed issue was incorrect. Assuming that the mother was lewd, the danger of the girl's becoming so, if committed to such a woman's care, would be so great that no court would be justified in subjecting the child to such a risk.

There was a contention to the effect that, under its charter, the orphan asylum, to which the child was awarded, could not lawfully take into its keeping any child who had a living parent. But we do not care to go into this matter. The authorities of the asylum were willing to receive this particular child, and we do not think the question of their legal right to do so is one which can be raised by an outsider, in no way connected with or interested in the management of its affairs.

*Judgment affirmed. All the Justices concurring.*