JOHNSON *v.* THROWER *et al.*

CANDLER, J. 1. As has been repeatedly held, this court will not consider grounds of a motion for a new trial complaining of the admission of evidence, oral or documentary, unless the evidence is set out in the motion, either literally or in substance, or attached thereto as an exhibit. *Petty* v. *Brunswick R. Co.*, 109 *Ga.* 666, and cases cited ; *Fraser* v. *State*, 112 *Ga.* 13 ; *Freeman* v. *Mencken*, 115 *Ga.* 1017.

2. It is not the office of a motion for a new trial to call in question the sufficiency of an amendment to pleadings. *Kelly* v. *Strouse*, 116 *Ga.* 874 (6).

3. This court will in no case reverse the judgment of the trial court on account of the refusal of the judge to direct a verdict.

4. Motions to continue are addressed to the sound legal discretion of the trial judge ; and in the present case it does not appear that that discretion was abused.

5. The alleged newly discovered evidence on account of which a new trial was asked was not clearly set out in the motion, nor does it appear by affidavits of the movant and her counsel, or either, that the existence of the evidence was not known at the time of the trial and could not have been known by them in the exercise of ordinary diligence. Hence this ground of the motion is without merit.

6. As between the parties to this suit, the title to the land in question was directly involved, both by reason of the averments and cross-prayers of the answer of the defendants, and by reason of the fact that the plaintiff was not entitled to the full relief sought if the ownership of the land was in the defendants. There was ample evidence to support the finding of the jury that the title of one of the defendants was superior to that of the plaintiff ; and it was not error, of which the plaintiff can complain, to direct a verdict in her favor on the questions as to the validity of the dispossessory warrant the enforcement of which was asked to be enjoined,

and the validity of the rent contract introduced in evidence, and to submit to the jury the question of the title to the realty in dispute.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent, and Lumpkin, J., disqualified.*

Argued June 23, — Decided August 3, 1905.

Equitable petition.    Before Judge Lumpkin.    Fulton superior court.    October 22, 1904.

*Robert L. Rodgers*, for plaintiff.

*C. L. Pettigrew* and *J. W. & J. D. Humphries*, for defendants.