### SELLERS *v.* SELLERS.

PER CURIAM. 1. Generally, infants can not make a valid contract. Civil Code (1910), § 4232. The contracts of an infant under 21 years of age are void. § 4233. Exceptions to the general rule are contracts for necessaries, and marriage contracts and settlements, made by infants but of lawful age to marry, which are binding as if made by adults. §§ 4233, 4236. The marriage contracts and settlements referred to above are prenuptial contracts and settlements. The agreement in this case falls within the general rule, and not within any of the exceptions. It follows that a contract made by an infant wife with her husband in settlement of alimony is not binding upon her, and does not preclude her from applying to a court of competent jurisdiction for alimony.

2. Where under such agreement and settlement, between the husband and minor wife, he pays to her a certain sum of money in full settlement of alimony, the wife does not have to pay or tender back such money so received before she can make application to a judge for temporary alimony.

3. Applying the above principles, the court erred in holding that the wife, who was only 15 years of age, was bound by the contract under which

she received $100 in full settlement of attorney's fees and all claims for alimony.

*Judgment reversed. All the Justices concur, except Gilbert, J., absent for providential cause, and Beck, P. J., and Hill, J., dissenting.*

Beck, P. J. In view of the nature of the status created by marriage, when the parties to the contract separate under circumstances which would entitle the wife to alimony, the wife, being of marriageable age, though she has not attained her majority, may make a contract with her husband for an amount agreed upon as alimony, she alone having the right to insist in court upon alimony, and the contract thus made by her will be binding upon her, notwithstanding her minority.

Hill, J. In view of the record in this case, which shows that the married woman, though a minor 15 years of age, consented and agreed to a settlement of $100 in full of alimony and attorney's fees, and that this settlement was also agreed to by and in the presence of the father and mother of the minor, I can not concur in the judgment of the majority of the court. See code sections, supra; 31 C. J. 1001-1008, § 38.

No. 4794.   June 20, 1925.

Application for alimony. Before Judge Strange. Bulloch superior court. March 6, 1925.

*Francis B. Hunter,* for plaintiff.

*Fred. T. Lanier,* for defendant.