### Jackson v. Anglin *et al.*

Atkinson, Presiding Justice. 1. When the grounds of a petition for habeas corpus are insufficient in law to show that the detention is illegal, it may be dismissed on demurrer. *Wilcoxon* v. *Aldredge,* 192 *Ga.* 634 (15 S. E. 2d, 873), and cit.

2. Chapter 24-24 of the Code (§§ 24-2401 et seq.), in relation to juvenile courts, authorizes such court to award temporary custody of a child under sixteen years of age; and the petition in the instant case disclosing that on April 24, 1940, upon a hearing in the juvenile court of Atlanta on a petition therein filed, that court awarded the temporary custody of said child to one of the defendants in error, and the present petition alleging no facts tending to show the invalidity of said award, it fixed at least prima facie the right to the custody of said child in the person to whose care and control the same was committed by the juvenile court. Compare *Slate* v. *Coggins,* 181 *Ga.* 17 (181 S. E. 145).

3. The legal effect of such award of custody is not altered by the fact that thereafter the defendants filed in the superior court a petition for adoption, and that thereupon one of the judges of the superior court awarded the temporary custody of said child to said defendants; that thereafter the petitioner herein filed demurrers to said petition for adoption, which were overruled by the trial court, which judgment was reversed by the Court of Appeals; and that after the remittitur from that court had been entered the defendants dismissed their petition for adoption; all of which took place before the petition for habeas corpus was filed. See Code, § 24-2433.

4. That the application for the writ of habeas corpus was heard by a judge other than the one that issued it, both being judges of the Atlanta judicial circuit, presents no ground for reversal. The plaintiff did not insist that the case be tried by the judge issuing the writ, and did not on the call of the case make the contention that the other judge should not hear and determine it. It is contended, however, that Judge Hendrix was without jurisdiction. There is no merit in this contention. The judges of the superior court of Fulton County, comprising the Atlanta Circuit, have concurrent authority.

534

5. It was not erroneous to sustain the demurrer and to dismiss the action.

*Judgment affirmed. All the Justices concur.*

No. 14259.   SEPTEMBER 22, 1942.

536

*Winfield P. Jones* and *W. F., Brandt,* for plaintiff.
*Carlton W. Binns,* for defendants.