WALKER *v.* WALKER.

No. 18028. SUBMITTED NOVEMBER 13, 1952—DECIDED JANUARY 13, 1953.

*G. W. Langford* and *Shaw & Shaw*, for plaintiff in error.
*Gleason & Painter* and *Fariss & Fariss*, contra.

DUCKWORTH, Chief Justice. ■ An exception to the general rule as to contracts of an infant, under the age of 21 but of the lawful age to marry, is to make marriage contracts and settlements binding as if made by adults. Code, § 20-204. However, the exception above applies only to prenuptial contracts and settlements and not to a contract such as here, in which the infant wife voluntarily relinquishes her parental control of her child to the father during their separation but without a decree of court thereon. *Sellers* v. *Sellers*, 160 *Ga.* 516 (128 S. E. 659). Marriage does not remove the disabilities of infancy unless it is so provided for by statute. 43 C. J. S. 91, § 29, Infants. Therefore, since the Georgia law merely provides certain exceptions to the general rule as to contracts by infants and these do not expressly cover such a contract as here, it follows that the contract of this child is not binding upon her. See Code, Ch. 20-2. Accordingly, the lower court did not err in overruling the general and special demurrers to the amended petition for alimony and custody of the minor child, since it alleges a cause of action, and the agreement between the husband and the infant wife, wherein she voluntarily relinquished

custody to the father, would not bar an action for custody of the child.

■ All the special grounds of the amended motion for new trial are predicated on the theory that the petitioner failed to plead cruel treatment as a cause of the separation of the parties, and, she having pleaded desertion, the verdict and judgment was upon evidence of cruel treatment. Yet there was apparently no objection to the evidence offered, proving the cruel treatment of the husband, and the complaints are upon excerpts from the charge of the court on the conduct of the respective parties and upon the variance between the evidence and the allegations of the petition. If a party permits evidence to go to the jury without objection, and the jury find on that evidence, he is not entitled to a new trial on the ground that the allegations and the proof do not correspond. *Haiman & Bro.* v. *Moses*, 39 *Ga.* 708; *Savannah, F. & W. Ry.* v. *Barber*, 71 *Ga.* 644. It is also settled law that, if a charge of the jury is not authorized by the pleadings, but relates to matters germane to the alleged cause of action which could have been alleged by amendment to the original petition, and evidence as to such matters is admitted without objection, the charge will not require a reversal of the judgment refusing the defendant's motion for new trial on the ground it was not authorized by the pleadings. *Tietjen* v. *Dobson*, 170 *Ga.* 123 (152 S. E. 222); *McCullough* v. *Kirby*, 204 *Ga.* 738 (51 S. E. 2d, 812). Such an amendment alleging cruel treatment would not introduce a new cause of action in this case. See *Zachary* v. *Zachary*, 141 *Ga.* 404 (81 S. E. 120); *Phinizy* v. *Phinizy*, 154 *Ga.* 199 (114 S. E. 185); *Newton* v. *Newton*, 196 *Ga.* 522 (27 S. E. 2d, 31). Accordingly, none of the grounds of the amended motion requires a reversal of the judgment on the theory that the verdict was not authorized by the pleadings.

The evidence being sufficient to support the verdict, the general grounds of the motion for new trial are also without merit.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*