20106.   ETHEL HARPST HOME, INC. *v.* HAITHCOCK *et al.*

HAWKINS, Justice.   Code § 79-404 provides that the domicile of an illegitimate child shall be that of his or her mother; and where the petition of Ethel Harpst Home, Inc., of Cedartown, Polk County, Georgia, for writ of habeas corpus, filed March 19, 1958, in the Superior Court of Muscogee County, Georgia, is predicated upon the theory that the Juvenile Court of Polk County had jurisdiction and properly assumed custody of the illegitimate child in question on January 11, 1958, on which date that court ordered the Sheriff of Polk County "to deliver said child to Ethel Harpst Home, Inc.," and it also clearly shows that the mother, prior thereto, and in December, 1957, had moved the child from Polk County to her home in Muscogee County, and that, at the time of this order of the Polk County Juvenile Court, neither the mother nor the child was "living or found within the county" (Code, Ann., § 24-2408), or in the custody of the Sheriff of Polk County, but on the contrary, were both residents of Muscogee County, Georgia, where on December 14, 1957, when an abandonment warrant was taken out for the mother, "said child was turned over to" the Juvenile Court of Muscogee County for protection, and which latter court had taken custody of the child, and by order dated January 15, 1958, awarded the mother temporary custody under the supervision of the court, upon certain requirements of the order being met—it was not error for the superior-court judge to sustain a general demurrer and dismiss the petition for habeas corpus.   *Jackson* v. *Anglin,* 194 *Ga.* 533 (1) (22 S. E. 2d 151).

> *Judgment affirmed.   All the Justices concur.*

ARGUED JUNE 9, 1958—DECIDED JULY 11, 1958.

*James I. Parker,* for plaintiff in error.
*Jack M. Thornton, Joseph S. Ray,* contra.