## 20489. SPRINGSTEAD *v.* COOK.

HAWKINS, Justice. This case involves the custody of a female child, born December 13, 1958, in an Army hospital, whose mother at the time was the wife of a soldier, in service in Germany when the child was conceived in the United States. The record fails to reveal the identity of the actual father of the child, but does show that the mother's husband insisted that the mother, who was born May 6, 1939, and only 19 years of age at the time, had to give the child away;· that the mother and her husband, who was not the father of the child, signed, on December 15, 1958, an alleged consent for the adoption of the child, which recited that the child "was born to affiants." When leaving the hospital on December 17, 1958, the mother was handed the child and she carried her to a parking lot, where she handed the child to a nurse, and left with her husband in an automobile. The nurse carried the baby back into the hospital. Divorce proceedings were filed in Alabama on December 17, 1958, and a divorce was granted December 18, 1958. The husband has since married another woman. On January 23, 1959, the mother, after visiting her mother in Michigan, returned to Columbus, Georgia, where she learned, after some effort, including the filing of habeas corpus proceedings, which were dismissed, that the defendant in error, Cook, had actual possession of the child and had instituted adoption proceedings, which he dismissed before filing this complaint in the Juvenile Court of Muscogee County, Georgia, in which he alleged that the child was under an improper guardianship, and requested that custody be assumed by the court. Later, Cook filed his petition in support of the complaint;· the mother filed a plea to the jurisdiction, based on the contention that she had not in contemplation of law surrendered any right that she has to the child, and that the court was without jurisdiction of the child or the subject matter; and without waiving this plea, she filed her response to the petition, in which she alleged that she was the natural mother of the child, who was in the possession of the petitioner Cook; that she had demanded possession, which had been refused; and that at the time a purported consent for adoption was signed, she was only 19 years of age; that she "hereby revokes any said consent which may be contained in said instrument," and she prayed that

the child be awarded to her as the natural mother. The plea to the jurisdiction was overruled, a guardian ad litem was appointed for the minor mother, and the case proceeded to trial. The juvenile court judge rendered a judgment in which he recited "evidence having been heard from a number of witnesses and consideration being given to the investigation report made by an officer of this court, . . . it is considered, ordered and adjudged: that . . . the release signed by respondent . . . constitutes a valid release and surrender of her parental rights in and to said child to petitioner and his wife for the purposes of adoption; . . . that the custody of said child . . . is remanded to . . . petitioner Hugh H. Cook, Jr., in order that adoption proceedings may be instituted by him and his wife." The exception is: (1) to this judgment; (2) to the overruling of the plea to jurisdiction; (3) to the refusal of the juvenile court judge to dismiss the complaint and petition of Cook on the ground that portions of the Juvenile Court Act appearing as Code (Ann.) §§ 24-2408 (4), 24-2426, and 24-2427 are unconstitutional; and (4) because the court read and considered a private investigation report, concerning the mother, made by the investigators for the juvenile court, with no opportunity being afforded the mother to cross-examine the persons providing the information set forth in said report, which report, it was contended, was hearsay evidence, and could not be used under the rules of evidence. *Held:*

1. The attempts to attack the constitutionality of those portions of the Juvenile Court Act "codified as 24-2408 (4), Georgia Code Ann.," "Title 24-2426, Ga. Code Annotated," and "Title 24-2427, Ga. Code Annotated," are futile, and cannot be considered by this court. *Tomlinson* v. *Sadler*, 214 *Ga.* 671, 673 (107 S. E. 2d 215); *Morgan* v. *Todd*, 214 *Ga.* 497 (106 S. E. 2d 37). See *Flynn* v. *State*, 209 *Ga.* 519, 521 (74 S. E. 2d 461); *Richmond Concrete Products Co.* v. *Ward*, 212 *Ga.* 773, 774 (95 S. E. 2d 677).

2. While Code § 79-404 provides that the domicile of an illegitimate child shall be that of his or her mother (*Ethel Harpst Home* v. *Haithcock*, 214 *Ga.* 297, 104 S. E. 2d 459), yet, where as in this case, the plea to the jurisdiction alleges "that court has accepted jurisdiction and custody of the minor child, . . . and is holding said child subject to the order of this court," which clearly shows that the child was before the

court, and there is no allegation showing the domicile of the mother, who was present in court, or any other reason why the Juvenile Court of Muscogee County, Georgia, did not have jurisdiction, it was not error to overrule the plea. Code (Ann.) § 24-2408.

3. Since there was no constitutional attack made on Section 21 of the Juvenile Court Act (Ga. L. 1951, pp. 291, 303; Code, Ann. § 24-2420), which provides that "The probation officer's investigation, along with other evidence submitted in court, may be used by the judge in reaching a decision for the best interest and future welfare of the child involved," it was not reversible error for the juvenile court judge in this case to give consideration to the investigation report made by an officer of his court.

4. "A contract made by an infant wife and her husband, wherein she waives her parental control of their minor child, is not binding upon her and does not preclude her from applying to a court of competent jurisdiction for custody of that child." *Walker* v. *Walker*, 209 *Ga.* 490 (1) (74 S. E. 2d 66). Therefore, it was error for the juvenile court judge in this case to hold that the release signed by the mother and her husband, who was not the father of the child, was "a valid release and surrender of her parental rights in and to said child to petitioner and his wife for the purposes of adoption."

*Judgment reversed. All the Justices concur.*

ARGUED MAY 12, 1959—DECIDED JUNE 5, 1959.

*Vincent P. McCauley, Jack M. Thornton,* for plaintiff in error. *J. Willard Register, John H. Ladd, Solicitor-General,* contra.