37708.   BARTLETT *v.* BARTLETT.

DECIDED JULY 1, 1959.

*Boller & Yow, D. Field Yow,* for plaintiff in error.
*Oliver K. Mixon, Franklin H. Pierce,* contra.

FELTON, Chief Judge. 1. Code (Ann.) § 24-2408 provides: "The juvenile court shall have original jurisdiction concerning any child under 17 years of age living or found within the county: (1) Who is alleged to have violated or attempted to violate any Federal, State or local law or municipal ordinance, regardless of where the violation occurred. (2) Who is beyond the control of his parents or other custodian. (3) Whose occupation, behavior, condition, environment or associations are such as to injure or endanger his health, morals and general welfare or that of others. (4) Who is neglected or living under insufficient and improper guardianship, or who is in need of medical, psychiatric, psychological or other care necessary for his wellbeing, or who is abandoned by his parent or other custodian. . . . (5) Whose custody is the subject of controversy except in those cases where the law now gives courts of record exclusive jurisdiction. In the consideration of these cases, the juvenile court shall have concurrent jurisdiction· to hear and determine the issue of custody and support when said issue is transferred by proper order of record. (6) Whenever any such juvenile court shall have acquired the jurisdiction of any child under 17 years of age, such jurisdiction shall continue so long as, in the judgment of the court, it may be necessary to retain jurisdiction for the correction or education of such child, but such jurisdiction shall terminate when such child shall attain the age of 21 years. (7) The juvenile court shall also have original jurisdiction concerning any child under 17 years of age who has been adopted and whose adoptive parents failed to faithfully perform their obligations to such child. The court may act upon a complaint or petition substantially conforming to the procedure and form prescribed hereinafter." Code (Ann.) § 24-2409 (2) pro-

vides: "(2) Courts of record in handling divorce or habeas corpus cases involving the custody of a child or children, may transfer the question of the determination of custody and support to the juvenile court for investigation and report back to the superior court for investigation and determination. The juvenile court then shall proceed to handle the matter in the same manner as though the action originated under this Chapter, in compliance with the order of the superior court."

Code (Ann.) § 30-127 provides: "In all cases of divorce granted, the party not in default shall be entitled to the custody of the minor children of the marriage. The court, however, in the exercise of a sound discretion, may look into all the circumstances of the parties . . . and, after hearing both parties, make a different disposition of the children, placing them, if necessary, in possession of guardians appointed by the ordinary. The court may exercise a similar discretion pending the application for divorce." Code § 30-206 provides: "In suits for divorce, the judge presiding may, either in term or vacation, grant alimony, or decree a sum sufficient for the support of the family of the husband dependent upon him, and who have a legal claim upon his support, as well as for the support of his wife; and may also hear and determine who shall be entitled to the care and custody of the children pending the litigation, as if the same were before him on a writ of habeas corpus; and in case a sum shall be awarded for the support of said family, the husband shall not be liable to third persons for necessaries furnished them." Code § 50-121 provides: "In all writs of habeas corpus sued out on account of the detention of a wife or child, the court, on hearing all the facts, may exercise his discretion as to whom the custody of such wife or child shall be given, and shall have power to give such custody of a child to a third person." Code § 74-106 provides: "Upon the death of the father, the mother is entitled to the possession of the child until his arrival at such age that his education requires the guardian to take possession of him. In cases of separation of the parents, or of the death of one and the subsequent marriage of the survivor, the court, upon writ of habeas corpus, may exercise a discretion as to the possession of the child, looking solely to his interest and

welfare." Article VI, section II, paragraph IV, of the Constitution of Georgia (Code, Ann., § 2-3704) gives jurisdiction in all habeas corpus cases and in all divorce and alimony cases to the Supreme Court of Georgia. Article VI, section II, paragraph IX of the Constitution of Georgia (Code, Ann., § 2-3709) provides: "The Supreme Court and Court of Appeals shall have jurisdiction to review by direct writ of error, and without the necessity of a motion for new trial having been made, all final judgments, orders, decrees and adjudications, rendered by any juvenile court created or referred to in an Act of the General Assembly approved February 19, 1951 (Ga. L. 1951, p. 291), as amended (Chapter 24-24), and any other juvenile court that may be hereafter established, and, it shall further be the duty of the solicitor general of the judicial circuit within which juvenile court or courts are located to represent the juvenile court on such appeals. The time for filing such bill of exceptions, and the procedure governing same, shall be as now provided by law for appeals, or as may hereafter be provided by law, but in any case, the juvenile judge may by order grant extensions of time for the filing of such bill of exceptions so as to afford opportunity for preparation of a brief or transcript of evidence, in cases where such is required."

2. It is clear to us that the petition to the juvenile court to obtain custody of the child is based on the contention of the petitioner that the jurisdiction of the juvenile court attaches by reason of subsection 5 of the act of 1951 as amended (Code, Ann., § 24-2408 (5)) as quoted above, which in substance states that the juvenile court's jurisdiction attaches when the custody of the child is in dispute. It is our opinion that it was not the intention of the General Assembly to give original jurisdiction of the custody of a child to a juvenile court when there is a dispute over the custody between the parents, as in this case. The petition shows that the father's claim to custody is based on a Texas decree. It is not based on neglect, insufficient guardianship, bad environment, health or other provisions of the act of 1951 as amended. It is our opinion that subsection 5 of the act means that, in case of dispute over custody between parents, original jurisdiction exists exclusively in courts having jurisdic-

tion of habeas corpus or divorce and alimony actions, in both of which the Supreme Court has exclusive jurisdiction on appeal. To conclude otherwise would be to say that the General Assembly intended to substitute the juvenile court for the superior courts and courts having jurisdiction of habeas corpus actions, in which event the Court of Appeals or the superior court would have jurisdiction. See Amendment of 1956, to Code (Ann.) § 2-3709 . It is our opinion that the 1956 constitutional amendment does not include custody cases arising out of parental dispute, as the amendment was new matter and did not amend the provision declaring the jurisdiction of the Supreme Court. Since this case was not transferred to the juvenile court by a court of record handling divorce or habeas corpus cases under subsection 2 of the Act of 1951 as amended (Code, Ann., § 24-2409) the court had no jurisdiction of the subject matter of the litigation. The court erred in denying the certiorari. The judgment of the superior court is reversed with direction that it remand the case to the juvenile court with direction that it be dismissed for want of jurisdiction.

*Judgment reversed with direction. Quillian and Nichols, JJ., concur.*