### 21199. SINGLETON v. SINGLETON.

SUBMITTED MARCH 14, 1961—DECIDED APRIL 6, 1961—
REHEARING DENIED APRIL 20, 1961.

*Carlton S. Brown*, for plaintiff in error.

ALMAND, Justice. Wilda Ray Singleton filed a petition for habeas corpus to obtain the custody of her children, Mark Singleton and Keith Allan Singleton, being 4 years and 18 months of age respectively, against Emmeth Foy Singleton, father of said children. The petition alleged that the custody of the children was awarded to the petitioner on June 2, 1960, by the Domestic Relations Court No. 2 of Harris County, Texas; that the respondent, Emmeth Foy Singleton, took the children, against the pe-

titioner's will, out of the State of Texas and to Lumpkin, Georgia, where they are now illegally detained; that petitioner believes that the defendant will remove the minor children beyond the limits of Stewart County and conceal them from the officers of the law unless the children be brought before the court. The petition then prayed for the issuance of the writ of habeas corpus. The writ was granted on December 16, 1960, and on December 22, 1960, before the case was heard, the respondent made a motion to quash the writ of habeas corpus for insufficiency of allegations in the petition. Respondent contended that the petition failed to show the cause or pretense of the restraint as required by *Code* § 50-102. He also contended that the allegation relative to the custody and control of the children as awarded to the petitioner by the Texas decree was a conclusion of the pleader. To the order denying this motion to quash, the respondent now excepts. The respondent then made a motion to continue the case until he could obtain interrogatories and depositions from nonresident witnesses. This motion was denied, to which the respondent now excepts. Evidence was then introduced concerning the fitness of the parties relative to who should have their custody. Evidence was also adduced as to the nature of the Texas decree. Respondent, after the close of the petitioner's evidence, made a motion in the nature of a demurrer to the petition and evidence. This motion was denied, to which the respondent now excepts. The case proceeded and the custody of the children was awarded to the petitioner. This award was not excepted to and is not now under review.

■ The contention of the respondent that the petition failed to make a distinct averment of the alleged illegality of the restraint, as required by *Code* § 50-102, is without merit. A motion to quash will lie to a petition for habeas corpus where it shows on its face that the restraint is not illegal and no error is committed by granting such a motion. *Jackson v. Anglin,* 194 Ga. 533 (1) (22 S. E. 2d 151). However, strict technical pleadings are not required in a habeas corpus proceeding, between rival contestants for custody of minor children, and unless the petition alleges facts which show affirmatively as a matter of law that the respondent is entitled to the custody of the chil-

dren, the better practice is to inquire into the evidence necessary to a proper decision of the case where the writ has issued and the person detained has been brought into court. *McDowell v. Gould*, 166 Ga. 670 (1) (144 S. E. 206). In the instant case, the record fails to show that the children have been brought before the court, but where a writ has been issued and the respondent has appeared at the time appointed in the writ, and a hearing is had, it will be presumed, nothing to the contrary appearing, that the person claimed to be illegally restrained of his liberty was before the court. *Simmons v. Georgia Iron &c. Co.*, 117 Ga. 305 (4) (43 S. E. 780, 61 L.R.A. 739).

In looking at the substance of the petition rather than the niceties of the pleadings, it is shown that the restraint of the children by the respondent is illegal by reason of the Texas decree awarding the custody of the children to the petitioner. Such a decree gives at least a prima facie right to the custody of the children to the petitioner, and will be given full effect in this State if sustained. *Barlow v. Barlow*, 141 Ga. 535 (1) (81 S. E. 433, 52 L.R.A. (NS) 683), and *Brandon v. Brandon*, 154 Ga. 661 (3) (115 S. E. 115).

Under the foregoing authorities it was not error to refuse to grant the motion to quash.

■ It was not error to refuse to allow a continuance of the case in order to allow the respondent time to take depositions or interrogatories from witnesses, residents of Texas and beyond the jurisdiction of the court. The writ is a speedy writ, and to delay its hearing until a witness absent from the State or the country can return or until interrogatories can be prepared, notice given, cross-questions propounded in writing, and commission forwarded to a distant State or country and there formally executed, might require so much time that the hearing under the writ would be unreasonably delayed. *Wilkinson v. Lee*, 138 Ga. 360 (4), 365 (75 S. E. 477, 42 L. R. A. (NS) 101 (3). Such would defeat the purpose of the proceeding by habeas corpus, which is not, strictly speaking, either a civil or criminal action, but a summary remedy created for the benefit of a person illegally held in custody by another, and having for its sole objective the restoration to liberty of such person. *Simmons v. Georgia Iron*

*&c. Co.,* 117 Ga. 305 (1), supra. In such cases the judge of the superior court is vested with large discretion regarding the law and facts, and his judgment will not be interfered with by this court, unless it is manifestly abused. *Bently v. Terry,* 59 Ga. 555 (4) (27 Am. Rep. 399).

■ We now move to the contention of the respondent that the trial judge erred in refusing to grant his motion in the nature of a demurrer to the petition and evidence, on the ground that the evidence showed that the Texas decree upon which the petitioner relied was a temporary one, fixing the custody of the children during the pendency of the divorce suit between the parties in the State of Texas, and on the further ground that the evidence shows that all acts relied upon in the divorce suit have now been condoned and that the whole proceeding in the State of Texas has been dismissed or made in such a condition that the court of Texas will have no right to grant a divorce, and therefore any decree under that divorce petition in Texas falls, and should not now be given any effect. Conceding that the Texas decree was not final or entitled to full faith and credit, this motion is not good for the reason that the record shows that the court also heard testimony concerning the fitness of the parties to have the custody of the children. In cases of separation of the parents, the court, upon writ of habeas corpus, may exercise discretion as to the custody of the children. *Code* §§ 74-106 and 74-107. There was evidence, regardless of the Texas decree, upon which the trial judge could base a decision, and thus, no error was committed in refusing to grant the respondent's motion. *Lockhart v. Lockhart,* 173 Ga. 846 (1) (162 S. E. 129). There being no exceptions to the final judgment, this court cannot consider whether or not the trial judge abused his discretion in awarding the custody of the children to the petitioner.

*Judgment affirmed. All the Justices concur.*