38809.   LANTHRIPP v. LANG.

DECIDED APRIL 28, 1961.

*Thomas A. Hutcheson,* for plaintiff in error.

*Walter C. McMillan, Jr.,* contra.

FELTON, Chief Judge. Appellant's bill of exceptions raises the issue of whether the admission in evidence of ex parte affidavits in the final hearing of a proceeding to regain custody of her three

illegitimate minor children was a denial of her right of cross-examination. *Code* § 38-1705 provides: "The right of cross-examination, thorough and sifting shall belong to every party as to the witnesses called against him. . ." The issue before the court was the custody of these three children, and in order to determine this custody, it was considered necessary by the court to investigate the relative fitness of the parties. *Code Ann.* § 24-2412 provides: "Prior to the hearing of a case of any child, the judge may cause an investigation of all the facts pertaining to the issue to be made. Such investigation shall consist of an examination of the parentage and surroundings of the child, his age, habits, and history, and shall include also an inquiry into the home conditions, habits and character of his parents or guardian. . ." This section would seem to grant some latitude to the trial judge in his investigation of the facts preparatory to making the final determination of custody. We do not feel, however, that this latitude, which the legislature has seen fit to allow the judge, can be used so as to abrogate the basic rules and safeguards of adversary judicial proceedings, and we must be careful in the construction of such statutes, where the intention is not clear, not to construe them as denying any rights guaranteed by our constitutional judicial system.

The general rule as to admission in evidence of ex parte affidavits is, that "in the absence of an authorizing statute or rule of court, affidavits cannot be read or considered to prove material issues of fact, except where the objection is waived, or in purely administrative proceedings." 2 C. J. S. 985, Affidavits, § 28. "Ex parte affidavits are commonly regarded as weak evidence, to be received with caution, and not to be used where better evidence is obtainable." 32 C. J. S. 1085, Evidence, § 1032. "Ex parte affidavits are inadmissible in the trial of habeas corpus cases involving the custody of minor children." *Camp v. Camp*, 213 Ga. 65 (97 S. E. 2d 125), which specifically overrules the decisions in *Robertson v. Heath*, 132 Ga. 310 (64 S. E. 73); *Porter v. McCalley*, 146 Ga. 594 (3) (91 S. E. 775); *Landrum v. Landrum*, 159 Ga. 324 (1), 325 (125 S. E. 832, 38 A.L.R. 217), and *Vincent v. Vincent*, 181 Ga. 355 (3) (182 S. E.

180), holding that such affidavits are admissible. "It is an established rule of evidence in this State that, in a judicial trial in a court of law, where evidence is finally adjudicated and final judgments are rendered, ex parte affidavits are inadmissible, and their admission in such a case over proper objection constitutes reversible error." *Tamiami Trail Tours, Inc. v. Georgia Public Service Commission*, 213 Ga. 418, 428 (99 S. E. 2d 225), citing *Camp v. Camp*, supra.

Cases allowing certain reports in evidence can be distinguished from the case at bar. Where no attack was made in an adoption proceeding upon the constitutionality of the statutory provision (*Code* § 74-413) that the trial court consider the report of the Department of Public Welfare containing their investigation and recommendation in the case, such statute was presumed to be constitutional and binding and the trial court was held to have properly considered such report. *Cox v. Bohannon*, 86 Ga. App. 236 (71 S. E. 2d 440). Since there was *no constitutional attack made* on Section 21 of the Juvenile Court Act (Ga. L. 1951, pp. 291, 303; *Code Ann.* § 24-2420), which provides: "The probation officer's investigation, along with *other evidence submitted in court*, may be used by the judge in reaching a decision for the best interest and future welfare of the child involved. . ." (Italics ours) it was held not to be reversible error for the juvenile court judge in such case to give consideration to the investigation report *made by an officer of his court*. *Springstead v. Cook*, 215 Ga. 154 (3) (109 S. E. 2d 508). The constitutionality of these statutes is assumed since they were not attacked on constitutional grounds in the trial court. These above mentioned cases both involve reports of quasi-judicial nature, since they are made by "officers of the court," whereas, in the instant case, the affidavits submitted were not of this official status, but were mere ex parte statements from private citizens, who might easily have been influenced by bias or prejudice in their statements. Under a statute declaring juvenile proceedings to be civil in nature (such as we have here), it is held that the rules of procedure relating to civil actions are applicable in such cases. 31 Am. Jur. 325, Juvenile Courts, § 54. These rules include the excluding of inadmis-

sible evidence which is properly objected to, hence the "other evidence submitted" which is allowed in the *Springstead v. Cook* case, supra, necessarily, by implication, refers to other *legal* evidence. The *Camp* case held that it was reversible error for the judge to consider even the official report of the Welfare Department in deciding a habeas corpus case, involving custody of minor children, for this very reason, i.e., inadmissibility because of its denial of the right of cross-examination.

In response to the plaintiff in error's objection that the admission of the affidavits denied her the right of cross-examination, the defendant in error contends that there was ample opportunity in which to introduce counter-affidavits and testimony to rebut the plaintiff in error's affidavits. Affidavits are not admissible as prima facie evidence of the facts they contain, for to admit them for this purpose would be equally objectionable as the burden of proof would thereby be cast upon the adverse party, and if the affidavit was not contradicted, it might establish the cause of action. *Smith v. State,* 147 Ga. 689 (95 S. E. 281, 15 A.L.R. 490). "Affidavits when admissible as a general rule are only prima facie evidence, and they are not conclusive of the facts stated therein *even though not contradicted by counter-affidavits.*" (Italics ours). 32 C. J. S. 1075, Evidence, § 1032.

This distinction between adoption cases and habeas corpus cases is made in *Glendinning v. McComas,* 188 Ga. 345, 349 (3 S. E. 2d 562). There the court said that "the present [adoption] case must not be confused with a habeas corpus case. In a case of that character the welfare of the child is the paramount issue, and no question as to termination of the parental relation is involved; whereas in an adoption proceeding the question is whether all the facts, including the interest of the child, are sufficient to warrant the court in completely severing and destroying the natural relation between the parent and child and substituting an artificial status between the child and another person as parent. *Manifestly, the rights of the natural parent are of more importance in the latter case than in the former.*" (Italics ours). If ex parte affidavits are inadmissible in the trial of habeas corpus cases involving the custody of minor

children, as the *Camp* case, supra, holds, then a fortiori they are inadmissible in cases such as the present one, where the child's permanent custody is involved. This case, on its facts, would seem to be more analagous to an adoption case than a habeas corpus case. The plaintiff in error was entitled to cross-examine those whose testimony tended to deprive her permanently of her parental rights. It is true that in cases involving custody of minor children, the judge exercises sound legal discretion, looking to the best interest of the child or children, which discretion will not be interfered with unless abused. *Willingham v. Willingham*, 192 Ga. 405, 406 (1) (15 S. E. 2d 514); *Good v. Good*, 205 Ga. 112 (1) (52 S. E. 2d 610); *Porter v. Chester*, 208 Ga. 309, 310 (4) (66 S. E. 2d 729). This discretion, however, must be limited within the bounds of legal procedure and rules of evidence, which, as we have stated above, exclude ex parte affidavits from evidence. Although there was other evidence on which the judgment could have been and, indeed may have been based, the trial court erred in admitting these affidavits in evidence.

*Judgment reversed. Bell and Hall, JJ., concur.*