22362. SMITH et al. v. SMITH.

QUILLIAN, Justice. The instant case is here for review from a custody award of two minor children to the plaintiff wife (their mother) on her petition for habeas corpus brought against her husband (their father) and his mother. The defendants except and assign error to adverse rulings which denied their plea in abatement, motion to quash and motion for direction. We consider these rulings in the order named. *Held:*

1. The plea in abatement was predicated on the grounds that there was a similar action pending in the Superior Court of Chatham County. In his order overruling the plea the trial judge recited that there had been pending in the Chatham Superior Court a divorce action brought by the husband against the wife which prayed custody be placed in the husband; that subsequently an action by the husband was instituted in the Juvenile Court of Chatham County asking that custody be placed in third parties; that the wife was not made a party to such action; that there had been no transfer of the proceedings from the Superior Court to the Juvenile Court;

that thereafter the divorce action had been dismissed. Based on these findings of fact the trial judge denied the plea, stating that no jurisdiction remained in the juvenile court once the divorce suit was dismissed and further that there had been no transfer from the superior court to the juvenile court as is required by law.

We find no merit in the defendants' contentions that *Code* § 3-607 applies. The provisions of that section read: "A former recovery, or the pendency of a former suit for the same cause of action, between the same parties, in the same or any other court that has jurisdiction, shall be a good cause of abatement; but if the first action is so defective that no recovery can possibly be had, the pendency of a former suit shall not abate the action." Without a transfer from the superior court under the provisions of the Juvenile Court Act (Ga. L. 1951, pp. 291, 298; Ga. L. 1957, pp. 617, 618; *Code Ann.* § 24-2409-2) the juvenile court has no jurisdiction of the subject matter of a habeas corpus case. *Bartlett v. Bartlett,* 99 Ga. App. 770, 774 (109 SE2d 821).

2. The defendants contend that the plaintiff failed to allege or prove any illegal restraint and that their motion to quash should have been sustained. We are aware of the rule in *Jackson v. Anglin,* 194 Ga. 533 (1) (22 SE2d 151), that: "When the grounds of a petition for habeas corpus are insufficient in law to show that the detention is illegal, it may be dismissed on demurrer." However, in a contest between parents for the custody of their minor children the paramount consideration is the best interest and welfare of the children. *Code* § 74-106 and *Code Ann.* § 74-107 (Ga. L. 1913, p. 110; Ga. L. 1957, pp. 412, 413; Ga. L. 1962, pp. 713, 715). As pointed out in *Singleton v. Singleton,* 216 Ga. 790 (1) (119 SE2d 558): "Strict technical pleadings are not required in a habeas corpus proceeding between rival contestants for custody of minor children, and unless the petition alleges facts which show affirmatively as a matter of law that the respondent is entitled to the custody of the children, the better practice is to inquire into the evidence necessary to a proper decision of the case where the writ has issued and the person detained has been brought into court." *Brown v. Harden,* 150 Ga. 99 (1a) (102 SE 864); *McDowell v. Gould,* 166 Ga. 670 (1) (144 SE 206). The trial judge did not err in denying the motion to quash.

3. The final exception is that the court failed to grant the motion for direction. The case was tried before the judge without the intervention of a jury. The motion for direction fails to clearly show what the court was moved to do. However, the parties in their briefs treat the motion as one for a directed verdict and we find that it is tantamount to such a motion.

The rule is well settled that it is never reversible error to refuse to direct a verdict. *Johnson v. Thrower*, 123 Ga. 706 (51 SE 636); *Remington v. Hopson*, 137 Ga. 95 (8) (72 SE 918); *Eldridge v. Forman*, 171 Ga. 367 (155 SE 476); *Locklin v. Locklin*, 207 Ga. 134 (3) (60 SE2d 362).

None of the exceptions having any merit, the judgment of the trial court is

*Affirmed. All the Justices concur.*

ARGUED FEBRUARY 10, 1964—DECIDED MARCH 5, 1964.

*Duffy, Hendrix & Miller*, for plaintiffs in error.
*Aretha M. Smith, Joseph H. Briley*, contra.