### 24044. CONWAY v. CONWAY.

UNDERCOFLER, Justice. The plaintiff, a resident of Georgia, brought a habeas corpus proceeding against his former wife for the custody of their six-year old son. The evidence shows

the parties obtained a divorce in Georgia during 1963 and custody of the child was given to the wife. In June 1964 the wife moved to Ohio, then to Pennsylvania, where she cohabited with a married man for a period of time. Plaintiff with the aid of a detective agency located his wife and son in Pennsylvania in September 1965. Thereafter he brought an action in the Pennsylvania court to obtain custody of his son. On December 20, 1965, the Pennsylvania court awarded custody of the child to the mother until July 1, 1966, and from that date until December 30, 1966, to the plaintiff.

The following month the mother moved to Georgia and refused to deliver custody of the child to the plaintiff in accordance with the Pennsylvania decree. The plaintiff then brought this action of habeas corpus to enforce the Pennsylvania decree. The mother responded to the petition alleging a material change in circumstances since the Pennsylvania decree and praying a modification thereof so as to award her permanent custody. The court, after a hearing in July 1966, accorded the Pennsylvania decree full faith and credit and awarded the custody of the child to the plaintiff until December 30, 1966. Thereafter the court held a hearing in December 1966 and awarded permanent custody of the child to the plaintiff. At each hearing the court admitted evidence relating to matters that transpired prior to the Pennsylvania decree. The evidence shows no unfitness of either party since the Pennsylvania decree was rendered.

The mother appeals from the judgment awarding custody of the child to the father and specifies in her enumeration of errors that the court erred, (1) in admitting evidence relating to matters that transpired prior to the Pennsylvania decree, (2) in finding that the respondent was an unfit mother, and (3) that the verdict was contrary to the law and the evidence. *Held:*

1. The courts of this state are not authorized to enter a judgment which conflicts with the judgment of a court of another state. However, the decree in the instant case does not conflict with the Pennsylvania decree since by its own terms this was a temporary order effective only until December 30, 1966, and made no final provision for permanent custody. *Ferster v. Ferster,* 220 Ga. 319 (138 SE2d 674). Under these circumstances the foreign temporary decree does not limit an

inquiry being properly made by the courts of this state to determine permanent custody of this child after December 30, 1966.

2. In a contest between parents for the custody of their minor child the paramount consideration is the best interest and welfare of the child. " 'Strict technical pleadings are not required in a habeas corpus proceeding between rival contestants for custody of minor children, and unless the petition alleges facts which show affirmatively as a matter of law that the respondent is entitled to the custody of the children, the better practice is to inquire into the evidence necessary to a proper decision of the case where the writ has issued and the person detained has been brought into court.' *Brown v. Harden,* 150 Ga. 99 (1a) (102 SE 864.)" *Smith v. Smith,* 219 Ga. 739 (2) (135 SE2d 866); *Singleton v. Singleton,* 216 Ga. 790 (1) (119 SE2d 558).

3. This being a contest between a mother and father over custody of their minor child, and the evidence respecting the fitness of the parties being in conflict, the discretion of the trial judge in making an award will not be controlled by this court. *Everritt v. Everritt,* 217 Ga. 425 (122 SE2d 920).

4. In view of the foregoing, it was not error for the court to consider the evidence prior to the Pennsylvania decree as complained of by appellant and to award permanent custody of their minor child to the plaintiff.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 13, 1967—DECIDED MAY 4, 1967.

*Haas, Holland, Freeman, Levison & Gibert, Richard N. Hubert,* for appellant.

*Tarleton & Zion, John J. Tarleton, William W. Barham,* for appellee.

