Smith *vs.* Kershaw.

---

No. 40.—MARIAH L. SMITH, plaintiff in error, *vs.* JOSEPH B. KERSHAW, defendant in error.

A plaintiff in trover for certain slaves, required bail, under the second section of the act of 1821, entitled "An act to quiet and protect the possession of personal property, and to prevent the taking possession thereof by fraud or violence." The defendant was arrested, and the slaves seized by the sheriff under the process, and being unable to give security under the act, the plaintiff thereupon gave security under another provision of the same act, and received from the sheriff the possession of the slaves sued for, and afterwards, and without any trial, dismissed his action of trover, still retaining the possession of the slaves thus obtained. The defendant then sued the former plaintiff in trover for the same slaves, and insisted that his possession, obtained as aforesaid, was tortious:

Held, that said possession was not tortious, but was a lawfully acquired possession, under and in pursuance of the above-recited act.

This was an action of trover and conversion, for the recovery of certain *slaves*, at the instance of the plaintiff in error, against the defendant in error, tried before Judge Hill, presiding in the Superior Court of Muscogee county, at May Term, 1846.

The evidence disclosed in the record, and the point made and determined, being set forth in the opinion delivered by the Supreme Court, are omitted in this place. The reader is referred to that opinion for the proper information in this regard.

JOSEPH STURGES, for the plaintiff.

HINES HOLT, for the defendant.

HENRY L. BENNING, in conclusion, for plaintiff.

*By the Court*—NISBET, Judge.

The record in this case furnishes no evidence whatever, except as to a single point. This omission is fatal to all the points taken in the bill of exceptions, except that one. This court will not entertain a writ of error upon points which, so far as the record discloses the testimony, do not spring out of the evidence or the pleadings. The certificate of

the judge, declares that the bill of exceptions is correct; that is, as we are compelled to infer, judicially—it contains the whole record, and the whole of the evidence. If that be so, then neither the pleadings nor the evidence authorized the counsel for the plaintiff in error to ask the court below to charge as he did request it to charge. The points made in that request, and now made before this court, appear not to grow out of any pleadings, or out of any evidence in the case, but on abstract questions of law, arbitrarily presented—all, we mean to say, except one. We are furnished with a transcript of testimony, which, we are told by counsel, was had in the case; that we cannot regard, in any form or in any degree. We cannot take cognizance of any testimony whatever that is not certified to us according to law. The statute organizing this court enacts: " Said Supreme Court shall hear and determine upon matters contained in the transcript of the record of the cause, and not otherwise." —Act of 10th Dec., 1845, sec. 4. So, also, the 18th rule of this court decrees that: " No cause shall be heard until a complete record shall be filed, containing in itself, without references, aliunde, all the papers, exhibits, depositions, and other proceedings, which are necessary to the hearing in this court." The 4th rule requires, in very express terms, that " a brief of the oral, and a copy of the written evidence, adduced in the court below, shall be embodied in the bill of exceptions, and shall constitute a part of the same." We are precluded, both by the law and our own rules, from entertaining any of the points presented in this cause, except one, which seems vaguely enough, it is true, authorized by the record, as it is exhibited to this court.

It is stated in the bill, " that the court was requested, by counsel for plaintiff, to charge the jury, that the defendant, having sued out an action of trover, and the property, the subject matter of this suit, being delivered to the defendant; the plaintiff now, being defendant then, being unable to give security for the forthcoming of the same ; and the suit thereon having been dismissed by the plaintiff without trial ; that such possession was tortious, which the court refused to do."

Upon this refusal, the plaintiff in error makes assignment of error. The question is, was the possession of the property, under the circumstances detailed in the bill tortious ? We think it was not, and that the court committed no error in declining to instruct the jury that it was.

It seems that the defendant in the suit below had brought an action of trover, for the slaves in controversy, against the plaintiff below, and required bail, according to the act of 25th December, 1821.—Prince, 449. And the defendant in that suit, being unable to give the security required by the law, the negroes were delivered to the plaintiff in that suit, according to the provisions of the same law ; he first giving bond and security for the forthcoming of the negroes, to answer such judgment, execution, or decree, as may be afterward had in the case. Thus acquiring possession, the action of trover was dismissed. Then it was that the defendant in the first suit brought her action against the plaintiff in the first suit for the same negroes ; and it was upon the trial of this action that the possession, acquired, as detailed, under the act of 1821, was claimed to be tortious, and the court requested to instruct the jury accordingly. The possession, certainly, was not tortious ; it was not contrary to law, but authorized by the act of 1821, and in strict conformity with its provisions

By that act, in case the defendant refuses to give the security which it requires, the sheriff is directed to deliver the property sued for to the plaintiff, he first giving bond and security to have it forthcoming to answer the judgment, execution or decree of the court. The possession was, then, in this case, authorized by law, and acquired by legal process. Moreover, the bond and security is intended to secure the forthcoming of the property, to answer the judgment of the court in this very case, if there should be one, in favor of the plaintiff. How, then, can it be tortious? The conversion, to maintain trover, must be wrongful. There are numerous cases in the books establishing the doctrine, that possession acquired fairly under legal process, is not a wrongful conversion.— *See Wheaton's Selwyn*, 1390 and 1396. If the taking be such as will subject the wrong-doer to an action of trespass, it is a wrongful conversion, and trover is a concurrent remedy.— *Saunders on Plea. and Evi.* 880 ; 3 *Wils.* 336 ; *Willes*, 55 ; *B. N. P.* 44. It surely cannot be maintained that, in this case, the defendant would be liable for a trespass. We do not mean to say, however, that, in the case before the court, trover will not lie. The statute of '21 makes the possession, which it allows, amenable to the title, when established. We only decide that the court below committed no error in declining to charge the jury that the possession was tortious. We affirm the judgment below upon this point, and dismiss the writ of error as to all the rest.