J. B. Ross & Son, plaintiffs in error, *vs.* William R. Jones, defendant in error.

1. When there is no process attached to the declaration, nor a waiver thereof, the judgment will be set aside.

2. In such a case, if there has been an acknowledgment of service without a waiver of process, it is necessary to show that the process was intended to be waived, and that by accident or mistake the entry of such waiver was omitted, to entitle the plaintiff to supply such omission by an amendment *nunc pro tunc.*

Process. Waiver. Amendment. Before Judge Hill. Houston Superior Court. May Adjourned Term, 1873.

Ross & Son brought complaint to the February term, 1870, of Houston superior court, against Jones, on a note dated January 1st, 1867, due January 1st, 1870, for $200 00. No process was annexed to the declaration. The defendant acknowledged service thereon in the following words:

"I acknowledge due and legal service of this writ, and waive copy. 1st February, 1870."

At the December term, 1870, judgment was rendered by default. At the May adjourned term, 1873, the defendant moved to set aside said judgment upon the ground of the absence either of process, or of a waiver thereof. The plaintiffs, without offering any testimony, moved the court to allow process to be then attached, and the acknowledgment of service to be amended *nunc pro tunc,* so as to cure the defect complained of. This the court refused to permit, and ordered

Ross & Son *vs.* Jones.

the judgment to be vacated.   To which ruling plaintiffs excepted.

WARREN & GRICE, for plaintiffs in error.

H. M. HOLTZCLAW, for defendant.

TRIPPE, Judge.

1. The law requires that a process shall be annexed to the petition and copy petition, unless the same be waived: Code, section 3334; and that it shall be served on the defendant: Section 3339.   Process and service may be waived by a writing signed by the defendant or some one authorized by him: Section 3337.   Appearance and pleading shall be a waiver of all irregularities of the process, or of the absence of the process, and the service thereof: Section 3335.   Here, then, are the requisitions of the law, and the provisions as to how they shall be executed, and of what will dispense with them. There must be a process, or a waiver thereof in writing, or an appearance and pleading.   In this case there was neither.   We cannot say, in view of the judiciary act of 1799, and the decisions made under it, and the special provision still retained in the Code, section 3334, for a process, that such a writ (the process) is an immaterial thing, and is to be so lightly considered as plaintiffs in error seem to think.   It is the official notice signed by a sworn officer, which is to inform the defendant of the suit against him, and that he must appear and answer.   The law allows him to waive it directly by signing a writing to that effect, or indirectly waive it, by recognizing the suit by putting in his appearance and pleading.   Without something of this, what official notice has he that suit is pending against him?

2. But the plaintiff claims that he should have been permitted to attach a process, and make an amendment to the acknowledgment of service *nunc pro tunc*.   This motion was sustained by no proof.   Section 3490 of the Code says: "Void process, or where there is no process or waiver thereof, cannot

be amended, but if service be acknowledged by the defendant, and *upon hearing testimony the court becomes satisfied that process was waived by the defendant*, and that at the time such service was acknowledged, by accident or mistake the entry of such waiver was omitted, such omission may be supplied by amendment *nunc pro tunc*." The meaning of this is very plain, so far as it applies to this motion. Not one of its demands was proposed to be met, and we cannot, unless we make law, help the plaintiff out of the difficulty. Had there been any intervening litigation on the execution after it was issued, between plaintiff and defendant, a different question might be presented, to-wit : whether there had been such irregularity, and such subsequent steps taken in the case by the defendant as to have barred his right now to set it up. I refer to the well recognized principle that parties must take advantage of mere defects or irregularities without first raising other issues and protracting litigation over them. There is no provision now like that in the act of 1799, declaring that process issued and returned in any other manner than therein prescribed shall be void. But from what appears, this was the first time defendant met the judgment or execution, and we cannot reverse the judgment of the court below without discarding all former rulings and nullifying plain legal requisitions.

Judgment affirmed.