JONES *v.* WHITE.

DUCKWORTH, Chief Justice.  The only exception to the judgment altering the judgment awarding custody of two minor children to the father with visitation privileges to the mother, by making specific the duration and conditions of the visitations, is based upon exceptions pendente lite to the judgment overruling the general and special demurrers to the petition as amended.  The petition alleges that the children are being illegally detained from the possession of the mother; that she is being deprived of her right "to visit, see, communicate with and have access with" the children in accordance with an award of the United States District Court for the District of Columbia, which granted the divorce between the petitioner and the defendant; that the defendant is an unfit person to have custody of the children; and that the welfare of the children has been affected thereby.  *Held:*

The allegations that the father had moved the children over 1000 miles away from the mother's residence and that, when she travels that distance to see the children, he refuses to let her visit them or lets her see them "only when it pleases him"; that he has insulted her and intimidated her, has prejudiced the children against her, instructed them not to call her "mother," and told them that she was not their mother; were such allegations of fact as would support the conclusion that he was an unfit person to have their custody and, if proven to be true, to authorize a change in custody.  Therefore, the court did not err in overruling the general and special demurrers.  See *Brown* v. *Harden,* 150 *Ga.* 99 (102 S. E. 864); *Crowell* v. *Crowell,* 190 *Ga.* 501 (9 S. E. 2d, 628); *Beggs* v. *Beggs,* 208 *Ga.* 415 (67 S. E. 2d, 135); *Sheppard* v. *Sheppard,* 208 *Ga.* 422 (67 S. E. 2d, 131).  It follows that the judgment altering the custody award as relates to the mother's visitations must be

*Affirmed.   All the Justices concur.*

No. 18007.  ARGUED OCTOBER 15, 1952—DECIDED NOVEMBER 12, 1952.

*Forester & Calhoun,* for plaintiff in error.
*Titus, Altman & Johnson,* contra.