### 24151. WINBURN v. HARRINGTON.

FRANKUM, Justice. In a divorce suit between the parties herein they entered into an agreement respecting, among other things, the rights of the father (the plaintiff here) to visit the minor children of the parties, it being agreed that custody would be awarded to the mother (the defendant here). That agreement was made a part of the decree of the court entered in the divorce case on May 15, 1964. In March, 1967, the plaintiff here filed his petition against the mother for the writ of habeas corpus, contending that the defendant had for some time prior to the institution of the action illegally detained from petitioner the persons of the said minor chil-

dren. The trial court issued the writ, and upon the hearing heard evidence from both parties. At the conclusion of the hearing the trial court rendered a judgment in which the visitation rights of the father were substantially and materially changed from those originally provided in the divorce decree. The defendant appealed and enumerated as error that judgment. *Held:*

"A decree in a divorce case awarding custody of a child is conclusive as between the parties to such decree, unless a change of circumstances affecting the welfare of the child is shown." *Brooks v. Thomas,* 193 Ga. 696, 697 (1) (19 SE2d 497); *Perry v. Perry,* 212 Ga. 668 (2) (95 SE2d 2) and cases there cited. The appellee relies on the cases of *Cooper v. Stephens,* 214 Ga. 825 (108 SE2d 274), and *Smith v. Scott,* 216 Ga. 506 (117 SE2d 528). There is nothing in those cases which can be construed as authorizing the trial court in such a proceeding to change or modify a decree respecting custody of children and visitation rights entered in a divorce case absent a showing of a change in circumstances affecting the welfare of the children. The original order in this case provided that the father might "visit said children on Saturday afternoon at the residence of their mother" and that "when said children shall become of school age, these children may visit their father for two weeks each and every summer." Properly interpreted these provisions clearly defined the father's rights of visitation and limited those rights to having him visit them at the home of their mother each Saturday and to having them visit him at his home or other suitable place for two weeks each summer after they attained school age. The order in this case substantially changed those rights by permitting the petitioner to visit his sons away from the home of the defendant, and by adding visitation rights on alternate Sundays, on the birthdays of the children, on Christmas Eve and Christmas Day, and, beginning in June 1968, to visit them every third week of each summer, all of said visits to be away from the mother's home and out of the presence of the mother and her husband. There was no evidence whatsoever of any changed circumstances since the original decree affecting the welfare of the children. All the evidence related solely to the issue of whether or not the mother had denied the father the visitation rights set forth in the original decree.

490

Under the authorities first cited the trial court erred in rendering the judgment appealed from.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 14, 1967—DECIDED JUNE 22, 1967—
REHEARING DENIED JULY 7, 1967.

*Edward E. Carter, Gerstein & Carter, Joe W. Gerstein, Hugh Powell, Jr., Stanley K. Slutzky,* for appellant.

*Richardson & Chenggis, George Chenggis, Platon P. Constantinides,* for appellee.