24400. EVERLY v. EVERLY.

854

Argued December 11, 1967—Decided January 4, 1968.

*William J. Wiggins,* for appellant.

*Adams, O'Neal, Steele, Thornton & Hemingway, H. T. O'Neal, Jr., Kice H. Stone, W. W. Hemingway, Carl K. Nelson, Nelson & Nelson,* for appellee.

Mobley, Justice. The appeal is from a judgment sustaining general demurrers and dismissing the petition brought by Robert Vance Everly against Ann Middlebrooks Everly, seeking modification of an award of custody of minor children by providing visitation rights to the father, and a modification in the amount of payments for support of the children.

■ In the final judgment and decree of divorce it was provided: "It appearing to the court that the defendant-father has made no effort whatsoever to support his minor children, and has made no appearance in this case to request any visitation privileges, permanent and exclusive custody of . . . the three minor children of the parties . . . is hereby awarded to the plaintiff-mother, . . ."

The petition for modification alleged that the mother has denied the father and his parents any access to his children, although he has attempted to communicate with them by telephone calls, letters, and other means. He further alleged: "Plaintiff alleges himself to be a law-abiding, moral citizen, capable of giving and receiving from his children the natural love and affection of a father and his children. . . Plaintiff alleges that defendant has and is alienating the affections of his children from him, which alienation is aided by the prior order of this court, based on facts and circumstances that do not at this time exist, all to the irreparable harm and injury to plaintiff's children."

The father recognizes that in order to state a cause of action for modification of the custody award he must show a substantial change in circumstances affecting the welfare of his children. *Harrell v. Cronin,* 209 Ga. 877 (76 SE2d 624); *Haynes v. Howell,* 220 Ga. 659 (140 SE2d 897). He contends that such a substan-

tial change is shown, since the petition for divorce of the mother (copy of which is attached to the petition for modification) alleged excessive drinking, acts of physical abuse, neglect, and failure to support his family, whereas his petition for modification alleges that he is now "a law-abiding, moral citizen, capable of giving and receiving from his children the natural love and affection of a father and his children."

Whether the change of circumstances affecting the welfare of the children must be predicated upon changed circumstances relating to the person to whom the original award was made, or whether a broader basis of investigation might be considered (see cases cited in *Perry v. Perry,* 213 Ga. 847, 851 (102 SE2d 534)), the present petition does not allege such changed circumstances. It alleges no change in the habits or morals of the father. While certain allegations were made in the divorce petition, he does not allege that these allegations were true, and we cannot assume that these allegations were proved on the trial of the divorce action, so as to make a basis for a change of circumstances from such conduct to the present alleged conduct of the father.

This court has held that a malicious attempt by one parent to implant fear and hatred of the other parent in the minds of their children might be considered as a change of circumstances authorizing a redetermination of the question of custody. *Perry v. Perry,* 213 Ga. 847, 850, supra; *Adams v. Adams,* 219 Ga. 633 (135 SE2d 428). The present petition does not make such a case. It alleges only an alienation of the affections of the children by refusing to allow the father to communicate with them, which the mother was authorized to do under the decree awarding exclusive custody to her and denying him any visitation rights.

The petition did not state a cause of action for modification of the custody award.

■ In the divorce decree and judgment dated June 28, 1965, the father was required to pay $75 per week for the support of his minor children. In his petition for modification he alleged on information and belief that this award was based on testimony of his earnings being $15,000 per year. He alleged that

his earnings in 1965 were $7,000, and his present earnings, $9,600 per year.

These allegations show that the father actually has a higher income now than he had at the time of the award for the support of his minor children. He shows his present expenses, but does not show what his expenses were when the award was made. His petition totally fails to show a substantial change in his income and financial status (Ga. L. 1955, pp. 630, 631; *Code Ann.* § 30-221) which would authorize a decrease in the amount he must pay for the support of his minor children. *Welch v. Welch*, 213 Ga. 589, 592 (100 SE2d 431).

The trial judge properly sustained the general demurrers.

*Judgment affirmed. All the Justices concur.*