## 24613. LAMB v. NABERS.

*Long & Glean, Michael Anthony Glean,* for appellant.
*Wills, Norvell & Loomis, Ray C. Norvell,* for appellee.

NICHOLS, Justice. ■ The ground of the wife's motion to dismiss does not appear in the record, and while her brief contains argument based upon a prior judgment of another court allegedly on the same issues presented by the plaintiff's petition, and in fact sets forth a copy of the pleadings and judgment in such case as an exhibit to her brief, yet such matter is aliunde the record and cannot be considered by this court. See *Code* § 24-3901; *Smith v. Kershaw,* 1 Ga. 259; *Beggs v. Beggs,* 208 Ga. 415 (3) (67 SE2d 135), and citations. Nor is it shown by the record whether the lack of jurisdiction complained of was as to subject matter, person, or was in fact a plea of res judicata. Under such circumstances no question is presented by such enumeration of error for determination by this court. Compare *Moore v. Berry,* 210 Ga. 136 (1) (78 SE2d 6).

■ Where during a hearing a party makes a motion which if granted would finally dispose of the case and states that it is being made subject to the right, if overruled, to present additional evidence, and such motion is overruled and no further tender of evidence is made, it is not error for the trial court hearing the case without the intervention of a jury to base a

decision on the evidence already adduced. See *Williams v. State*, 186 Ga. 251, 260 (197 SE 838), and citations, which holds that for the exclusion of evidence to be the ground of a new trial there must be a tender of such evidence.

■ The case was heard by the court without the intervention of a jury. The petition alleged, and on the trial the husband testified, that "Plaintiff shows that he has in good faith with due notice to defendant made fair and reasonable attempts to exercise his said rights, but defendant has and still continues to wrongfully and unjustifiably deny and deprive him of his said legal rights by reason of her wilful failure and refusal to allow plaintiff to exercise reasonable visitation rights with his said minor children. Defendant and her present husband, Mr. A. Rex Lamb, Jr., have wilfully and deliberately committed the following acts with the intent and purpose of violating plaintiff's said legal rights all of which have violated and continue to wrongfully violate his said rights: (a) Defendant has threatened to shoot plaintiff with a gun; and (b) Mr. Lamb threatened plaintiff with the threat of swearing out a peace warrant against him; (c) Defendant slams the door in plaintiff's face when he appears to visit with said minor children; and, (d) Defendant and Mr. Lamb have taken said minor children away from home and are gone when plaintiff arrives for visitation." On cross examination he testified that he was not seeking a change in the permanent custody of the children and that he was not maintaining that the mental or physical welfare of the children was presently in jeopardy, or that they did not have food, shelter, clothing or mental and spiritual training.

Under the decision in *Jones v. White*, 209 Ga. 412 (73 SE2d 187), the pleadings and evidence set forth above were sufficient to authorize a change in custody so as to specify specifically the visitation rights of the father, and the answers to the two questions on cross examination do not require a contrary ruling.

*Judgment affirmed. All the Justices concur.*