## 25135. SMITH v. SMITH.

SUBMITTED APRIL 16, 1969—DECIDED APRIL 24, 1969.

*Miles B. Sams,* for appellant.
*McCord, Cooper & Voyles, Robert B. McCord,* for appellee.

GRICE, Justice. This appeal is from a judgment involving visitation rights of a mother as to her two minor children, rendered in a proceeding brought by the mother, Joyce Nadine Smith, against the father, Ashley Berrell Smith.

Her petition, filed in the Superior Court of Fulton County on November 12, 1968, sought clarification of a judgment entered in that court on May 10, 1967, which awarded custody of the children to the father "with reasonable rights of visitation" to the mother. The petition averred that since the original judg-

ment the father and his parents had, in stated particulars, done everything possible to make the visitation difficult and to frustrate her desire to have regular and reasonable contact with the children. She alleged that her "reasonable visitation rights" should include visits at specified times, and prayed that the "court redefine and clarify what should in this case constitute 'reasonable visitation rights' for [her] benefit . . . and modify or amend the . . . [judgment] to this extent."

A hearing was had and the evidence, insofar as necessary here, was that which follows.

The mother testified that she was now living with her aunt and uncle who were mature persons, had excellent reputations and had a nice home; that she wanted a chance to establish herself with her children; that the visitation rights she had been permitted by the father to exercise had not been satisfactory in that she had not been allowed to be with her children except in the presence of the grandparents or the father or both; that this had been a distracting and harmful influence upon the children; that she had to limit her visits to the home of the father and his parents and to times when it was convenient with him, which varied from time to time; that she was employed and had little opportunity to spend much time with her children except on weekends; and that she would like her visitation rights spelled out by the court in order that she could have her children with her exclusively for some periods over the weekend.

The father testified that he objected to visitation by the mother outside of the home because he did not believe it conducive to the welfare of the children, and that he was fearful that they might come under questionable influence.

The court entered judgment which in material part provided as follows: that the mother could visit the children only where the father resides on Tuesday night of each week from 6 p.m. to 9 p.m.; that on every other Saturday from 9 a.m. until 6 p.m. she could visit with the children and take them with her to any location in this State, provided she returned them by 6 p.m. on the date obtained and declared to the father or one of the paternal grandparents where she intended to take them; that while exercising such Saturday visitation rights she should not carry

the children to any place or in the presence of persons where their physical, moral, mental, social, or spiritual life should be exposed to wrong conduct or uncleanliness. The judgment recited "that it is not the intention of this court in any manner to change or alter the provisions of the original judgment."

The mother, who is the appellee here, contends that this judgment merely clarified a portion of the original decree, making no material change in it but construing the "reasonable visitation rights" embodied in it, and therefore that it was unnecessary to make any showing of a change of circumstances affecting the interest and welfare of the children.

The father, the appellant here, takes the position that the original judgment became final insofar as custody is concerned and can be modified only by evidence establishing such a change of circumstances, that the evidence referred to above did not show this, and that the judgment now attacked amounted to an unauthorized modification of the original judgment.

We regard the appellant's position as well taken.

■ There is no question but what the judgment complained of modified the original decree of custody when it specified certain visitation days and hours for the mother where the original decree had awarded her "reasonable visitation rights." Visitation privileges are a part of custody. *Haynes v. Howell,* 220 Ga. 659, 660 (140 SE2d 897).

This was not a situation of the court revising a judgment, pursuant to its full control over its own judgments during the term at which they are rendered. See in this connection, *Cofer v. Maxwell,* 201 Ga. 846 (41 SE2d 420), and citations.

On the contrary, the term had long expired, and the instant proceeding was another case, separately entitled, purporting to be for modification and clarification. It is therefore subject to the well established rule that "the award of custody . . . is conclusive between the parties, as to the right of custody, unless a change of circumstances affecting the interest and welfare of the children is shown." *Gibbs v. North,* 211 Ga. 231 (2) (84 SE2d 833).

The type of change which is required was well expressed in *Bowen v. Bowen,* 223 Ga. 800 (2) (158 SE2d 233): "Evidence

showing merely a change in the circumstances of the party seeking a judgment different from the former judgment is not sufficient to authorize a change in the legal custody of a child. There must be a showing that the party to whom custody was originally awarded is no longer able or suited to retain custody or that the conditions and circumstances surrounding the child have so changed that the welfare of the child would be enhanced by modifying the original judgment. [Citations.]"

Here, there is no evidence whatever that the father, to whom custody was originally awarded, was no longer able or suited to retain it or that he was denying visitation to the mother. The mother merely sought to show that her situation had improved, and that she was not satisfied with the amount and conditions of the visitation permitted by the father. Thus, there was no showing of a change in circumstances affecting the interest and welfare of the children, and the modification of the original judgment of custody respecting visitation rights was not authorized. See *Winburn v. Harrington,* 223 Ga. 488 (156 SE2d 44); *Everly v. Everly,* 223 Ga. 853 (159 SE2d 78); *Hirsh v. Dobb,* 224 Ga. 130, 134 (3c) (160 SE2d 386).

There is no contrary holding in *Jones v. White,* 209 Ga. 412 (73 SE2d 187), or *Lamb v. Nabers,* 224 Ga. 396 (162 SE2d 336). In the *Jones* case one parent, in addition to denying the other parent rights of visitation, was shown to be an unfit person to have custody. The *Lamb* case is similar and relies upon the *Jones* decision. Both were held to contain evidence manifesting a change of circumstances warranting a new judgment specifying visits.

■ The appellee's motion to dismiss the appeal is without merit.

(a) As to the ground averring that the appeal was not timely filed, the record shows that it was filed within the 30 days required by the Appellate Practice Act. Ga. L. 1965, pp. 18, 21, as amended (*Code Ann.* § 6-803).

(b) The ground relating to the enumeration of errors referring to the appellant as "plaintiff" is not valid, since the identity of the parties to the appeal is apparent.

(c) The ground urging in effect that neither the petition of

the mother nor the judgment appealed from contemplated a material modification of the original judgment is controlled by the ruling in Division 1.

For the reason stated in Division 1, the judgment is

*Reversed. All the Justices concur.*