25459. BECKMAN v. BECKMAN.

ARGUED OCTOBER 15, 1969—DECIDED NOVEMBER 6, 1969.

*Thomas E. Moran,* for appellant.
*Thomas W. Elliott,* for appellee.

Grice, Justice. Enumerated as error in this appeal are two judgments, the overruling of the appellant's motion to dismiss the appellee's complaint seeking modification of visitation rights as to their two minor children, and the granting to the appellee of such relief. These enumerations emanate from an action filed in the Superior Court of DeKalb County by the father John F. Beckman against the mother June Langley Beckman.

The allegations of the complaint, insofar as necessary to recite here, are those which follow.

The parties were divorced in 1966 by decree which awarded their children's custody to the mother and granted the father reasonable visitation rights. The children are now twelve and six years of age.

The children, due to the mother's employment, are unsupervised from the time of their arrival from school until her return from work, and for periods at night when she is away. They keep irregular hours and primarily watch television without censorship as a diversion to school life.

The father was unable to have the children visit with him during the 1968 Thanksgiving or Christmas holidays. They were taken to another state and upon their return were not allowed to visit him until January 10, 1969.

It is in the children's interest and welfare that the father be allowed to have them visit with him at set and specified periods. He is in position to provide them with needed love and supervision consistent with their general well-being. It is always necessary to seek visitation through the children. They on occasion relate various conflicts, plans and reasons for not visiting, which he finds do not materialize. This is confusing and frustrating to the children. Their visits never last long, and on many occasions end in tears when they have to return to the mother's home.

Definite times of visitation would supply the children with happiness because they would have definite times to visit and to return home, together with needed supervision, thus eliminating their uncertainty and frustration.

The mother encourages the children not to visit with the father and seeks to prejudice them against him.

The prayers of the complaint, besides for process and general relief, are that the father's visitation be modified so as to have the children visit him as much as possible at definite and stated times, and at other times compatible with the children's welfare.

The mother's answer denied the essential allegations of 'the complaint.

■ The foregoing allegations of the complaint are sufficient to withstand the motion to dismiss. They comport with the well established rule that to authorize a change in custody it must be shown that there has been a change in conditions substantially affecting the interest and welfare of the children. The decisions of this court are numerous insofar as the principles applicable here are concerned. We cite only a few. As to denial of visitation, see *Jones v. White*, 209 Ga. 412 (73 SE2d 187) ; *Lamb v. Nabers*, 224 Ga. 396, 398 (162 SE2d 336). As to proper supervision, see *Wrede v. Burke*, 221 Ga. 778, 779 · (147 SE2d 324). As to prejudicing the children against the other parent, see *Jones v. White*, 209 Ga. 412, supra. See also, *Fuller v. Fuller*, 197 Ga. 719, 725 (30 SE2d 600).

■ The evidence adduced at the hearing amply supported the judgment which was entered. While the evidence was in conflict in some particulars, it was sufficient to establish at least some if not all of the essential allegations of the complaint. It will serve no useful purpose to recite the details here. It is sufficient to state that the father and his present wife testified with respect to denial of visitation and improper supervision. The mother's testimony denied this.

In determining whether or not a material change in circumstances substantially affecting the welfare of a child or children has taken place, "the trial judge is vested with a discretion which will not be controlled by this court unless it is abused. . . . When the trial judge is by law made the trior of an issue of fact, this court will not interfere with his finding when there is any evidence to support it." *Madison v. Montgomery,* 206 Ga. 199 (1, 2) (56 SE2d 292).

For the foregoing reasons no error was committed.

*Judgments affirmed. All the Justices concur.*