25839. JOSEY v. LEDBETTER.

NICHOLS, Justice. Louis B. Josey filed a petition in the nature of a habeas corpus petition seeking the custody of his son from his former wife. She had been granted custody of the child in a divorce action between the parties. The petition alleged that the child, now six years of age, was placed in the custody of the mother when the divorce was granted in 1965. It was further alleged that the child had become emotionally disturbed while living with the defendant and "it was agreed by both plaintiff and defendant that the child would have a more stable environment if the child began living full time with the plaintiff."

On the call of the case the court ruled that there was no allegation as to the moral fitness of the mother and the petition was denied without permitting the plaintiff to introduce evidence when it was stipulated that no such evidence would be introduced. The enumerations of error are that the trial

court erred in refusing to hear evidence and in dismissing the complaint. *Held:*

1. "The type of change which is required was well expressed in *Bowen v. Bowen*, 223 Ga. 800 (2) (158 SE2d 233): 'Evidence showing merely a change in the circumstances of the party seeking a judgment different from the former judgment is not sufficient to authorize a change in the legal custody of a child. There must be a showing that the party to whom custody was originally awarded is no longer able or suited to retain custody or that the conditions and circumstances surrounding the child have so changed that the welfare of the child would be enhanced by modifying the original judgment. (Citations.)'" *Smith v. Smith*, 225 Ga. 241, 243 (167 SE2d 597). See also *Murphey v. Murphey*, 213 Ga. 401 (99 SE2d 77); *Beckman v. Beckman*, 225 Ga. 693 (171 SE2d 135). It is not necessary that the parent originally awarded custody be found to be an unfit parent in order to change the custody.

2. The trial court erred in dismissing the complaint and refusing to permit the plaintiff to introduce evidence as to changed conditions upon the ground that it was stipulated that there was no evidence of the mother's fitness and therefore no issue to be tried.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 9, 1970—DECIDED JULY 9, 1970.

*Henning, Chambers, Mabry & Crichton, Edward J. Henning,* for appellant.

*Verlyn C. Baker,* for appellee.