25872. TYREE v. JACKSON.

ARGUED JUNE 9, 1970—DECIDED SEPTEMBER 10, 1970—
REHEARING DENIED SEPTEMBER 24, 1970.

692

*Mitchell, McClelland & Jernigan, Freeman D. Mitchell,* for appellant.

*Mose S. Hayes,* for appellee.

HAWES, Justice. ■ There is no merit in the contention of the appellant that the complaint was subject to be dismissed because no process as prescribed by the Civil Practice Act was attached to the original complaint and served therewith upon the defendant. The complaint in this case is clearly and unmistakably a petition for a habeas corpus brought by the father of a minor child against the mother. The order attached to the complaint and signed by the trial judge, while not exactly conforming to the form of writ prescribed by *Code* § 50-106, was substantially a writ of habeas corpus in that it required the defendant to produce the body of the minor child involved before the court within 20 days from the date of the order and to show cause, if any she had, why the custody of the said minor child should not be taken from her and given to the petitioner. This court expressly approved the use of a rule nisi in lieu of the summons prescribed by *Code* § 81A-104 in *Lowery v. Adams,* 225 Ga. 248 (2) (167 SE2d 636). We think this approval is clearly sanctioned by the language of the Civil Practice Act which provides that the methods of service prescribed therein are cumulative and may be utilized with, after, or independently of, other methods of service; and that in all cases or special proceedings where the requirements or procedure for service are not prescribed by law, and in any situation where the provisions for

service are not clear or certain that the court may prescribe service according to the exigencies of each case consistent with the Constitution. *Code Ann.* § 81A-104 (i). While this Code section uses only the word "Service" and does not purport to deal with the form of process, we think it is indicative of the spirit and intent of the Civil Practice Act with regard to both process and service. Accordingly, where it is clear that the defendant has been served, has appeared and has been heard on the merits of the controversy, the proceeding should not be vitiated by objections going merely to the form of process. See *Moore v. Berry,* 210 Ga. 136 (2) (78 SE2d 6), which was a habeas corpus proceeding brought, of course, prior to the Civil Practice Act and where similar reasoning was applied.

The purpose of process and service is to bring the defendant into court. *Branch v. Mechanics' Bank,* 50 Ga. 413, 416; *Dobbins v. Jenkins,* 51 Ga. 203, 204; *J. B. Ross & Son v. Jones,* 52 Ga. 22, 23; *Nicholas v. British American Assur. Co.,* 109 Ga. 621 (34 SE 1004). The object of service on the defendant is to afford him notice of the pendency of the proceeding and to afford him an opportunity to appear and to be heard. One of the purposes of the Civil Practice Act of 1965 was to minimize those situations in which an action abated on account of the niceties of technical rules of practice and procedure. Under the former procedure it was undoubtedly true that in the absence of process or a written waiver thereof no suit could be maintained. But, even under that procedure, it was recognized that where regular process would not suffice to accomplish the purpose of bringing the defendant into court within the time specified by the law applicable to the case that a rule nisi or other process signed by the court fixing a different time was permissible. The Civil Practice Act did not change the requirement that in habeas corpus cases of a civil nature the return day shall always be within 20 days after the presentation of the petition for the writ. Obviously, a process requiring the appearance of the defendant within 30 days after service, as specified by *Code Ann.* §§ 81A-104 and 81A-301 would not suffice, and would not be in compliance with the requirements of the habeas corpus law. *Code Ann.* § 50-107. For these reasons, the second ground of enumerated

error which complains of the overruling of appellant's motion to dismiss is without merit.

■ One ground of appellant's enumeration of errors complains because the court, as appellant contends, dismissed a peace warrant and an abandonment warrant taken out by the defendant against the plaintiff. While it appears from the reporter's transcript of the hearing that a colloquy between the court and counsel concerning a peace warrant and an abandonment warrant was had, no written order dismissing the warrants appears in the record nor do the warrants themselves appear in the record. The superior court is a court of record and what the judge orally declares is no judgment until the same has been reduced to writing and entered as such. *Pulliam v. Jenkins,* 157 Ga. 18, 22 (121 SE 679); *McRae v. Smith,* 164 Ga. 23 (7) (137 SE 390); *Construction &c. Union, Local No. 246 v. Williams Constr. Co.,* 212 Ga. 691 (1) (95 SE2d 281). So far as the record before this court appears, the peace warrant and abandonment warrant referred to in the colloquy at the close of the evidence were not a part of this case. Therefore, this enumeration of error presents nothing for this court to decide.

■ The remaining grounds of enumerated error may all be considered together. In substance, appellant contends that the court tried the case on the basis of the fitness of the parties to have custody of the child rather than on the issue of change in conditions affecting the welfare of the child; that the court erred in admitting certain testimony and excluding other testimony; and, that the court abused its discretion in entering the order and judgment changing the custody of the minor child from the mother to the father because, as appellant contends, the evidence fails to show any material or substantial change in conditions or circumstances affecting the welfare of the child.

At the commencement of the hearing, a colloquy ensued between court and counsel. Counsel for the appellant at the conclusion of the colloquy said, "As I understand this proceeding, it is strictly limited in testimony to anything concerning change of conditions. Am I right?", to which the judge replied, "Yes, sir. Now the court might make this observation. At this point the court is now going to determine the fitness of the parties."

Also, at other times during the trial of the case the trial judge indicated by his remarks that the question for his decision was the fitness of the mother. None of these remarks necessarily shows, however, that the case was tried or decided by the trial judge on an erroneous theory of law. Of course, under the principle of res judicata an award made in a divorce decree granting custody of the child, or children, of the parents to one of them is prima facie evidence of the legal right of that parent to have such custody. *Hammond v. Hammond*, 90 Ga. 527 (16 SE 265); *Williams v. Crosby*, 118 Ga. 296 (2) (45 SE 282); *Barlow v. Barlow*, 141 Ga. 535 (1) (81 SE 433, 52 LRA (NS) 683); *Milner v. Gatlin*, 143 Ga. 816 (4) (85 SE 1045, LRA 1916B 977); *Slate v. Coggins*, 181 Ga. 17 (181 SE 145). But, where evidence of circumstances and conditions detrimental to the welfare of the child are shown to have arisen subsequent to the former award, or where there is evidence that by reason of a change in the habits of the parent having custody of the child occurring subsequent to the former award, or by reason of the company with whom the parent has become accustomed to associate, the parent has, since the former decree, become unfit to have custody, the habeas corpus court is not concluded by the former judgment, but may, in the exercise of a sound discretion, change the custody. *Williams v. Crosby*, supra.; *Milner v. Gatlin*, supra. In so doing, the paramount consideration is the best interest and welfare of the child or children involved. *Fortson v. Fortson*, 195 Ga. 750 (1) (25 SE2d 518); *Conway v. Conway*, 223 Ga. 349 (2) (155 SE2d 17). As this court recently observed in *Bowen v. Bowen*, 223 Ga. 800 (2) (158 SE2d 233), "There must be a showing that the party to whom custody was originally awarded is no longer able or suited to retain custody or that the conditions and circumstances surrounding the child have so changed that the welfare of the child would be enhanced by modifying the original judgment."

The evidence in this case, while in conflict on virtually all material points, when viewed so as to uphold the judgment rather than defeat it, was clearly sufficient to authorize the trial court to find that there had been such a change in the circumstances surrounding the child while in the custody of the defendant that

the best interest and welfare of the child would be served by changing the custody to the father. There was evidence that the mother had more or less systematically and regularly attempted to hinder and thwart the father in the exercise of his visitation rights granted under the former decree, and that, on at least one occasion, without notice to the plaintiff, she had taken the child out of the State at a time when the plaintiff was entitled to visit with the child under the terms of the former decree, thus rendering the visit impossible. This alone would authorize a modification of such decree. *Barlow v. Barlow,* 141 Ga. 535, 539, supra; *Jones v. White,* 209 Ga. 412 (73 SE2d 187); *Lamb v. Nabers,* 224 Ga. 396, 398 (162 SE2d 336). There was also evidence that the defendant was endeavoring to teach the child not to refer to the plaintiff as father; that she told the child that the plaintiff was not her father and that she should 'call him by his first name, Phillip, and that she sought to induce the child not to want to visit with the plaintiff by pleading with her not to go off and leave the defendant alone on at least some of the occasions when the plaintiff or his sister came to defendant's house to pick up the child. This evidence, if given credence by the trior of the facts, clearly established grounds for modifying the custody decree. *Jones v. White,* supra.

It follows upon application of the foregoing rules of law to the evidence in this case that the trial judge did not abuse his discretion in modifying the previous custody order and in awarding custody to the father. It is not apparent that the court proceeded upon an erroneous legal theory. In cases of this nature where the evidence is heard before the judge alone and without the intervention of a jury, and where the principal consideration is the welfare of the child involved, the proceeding is not to be governed by strict rules applicable to ordinary trials. *Simmons v. Georgia Iron &c. Co.,* 117 Ga. 305 (3) (43 SE 780, 61 LRA 739); *Southern Cotton Oil Co. v. Overby,* 136 Ga. 69 (2) (70 SE 664); *Willingham v. Willingham,* 192 Ga. 405, 408 (15 SE2d 514). Unless the record before this court clearly indicates that the judge based his decision upon illegal evidence or upon a misapprehension of the law, it will be presumed that upon rendering his decision he considered only legal and admissible evi-

·dence. *Bailey v. Holmes,* 163 Ga. 272, 275 (136 SE 60). None ·of the grounds of enumerated error is meritorious.

*Judgment affirmed. All the Justices concur.*