## 26025. GRUBBS v. DOWSE.

NICHOLS, Justice. Pike E. Grubbs and Betty R. Grubbs were divorced in 1961. The divorce decree granted the wife, now Betty R. Grubbs Dowse, custody of the couple's daughter "with the right of the [husband] to visit his minor daughter at reasonable and convenient times." The wife still resides in Lowndes County, Ga., while the husband, an officer in the United States Air Force, is now stationed in Oregon.

The present petition was filed by the husband and seeks to have the child visit him two months during each summer in Oregon. *Held:*

It is immaterial what nomenclature is placed on the pleadings by the husband since as was held in *Daugherty v. Murphy*, 225 Ga. 588 (2) (170 SE2d 428): "An award of custody is conclusive between the parties as to the right of custody, unless a change of circumstances affecting the interest and welfare of the child is shown, and visitation privileges are a part of custody. *Haynes v. Howell*, 220 Ga. 659 (140 SE2d 897); *Winburn v. Harrington*, 223 Ga. 488 (156 SE2d 44); *Hirsh v. Dobb*, 224 Ga. 130, 134 (160 SE2d 386); *Smith v. Smith*, 225 Ga. 241 (1) (167 SE2d 597)."

While the marital status of each parent has changed since the divorce decree was rendered, the husband's residence has changed so that he now resides some 3,500 miles from the child, and the child is nine years older, yet none of these changes is a change of circumstances affecting the welfare of the child which would demand, if indeed it would authorize, a change in the custody of the child. The trial court did not err in refusing the relief sought by the husband.

*Judgment affirmed. All the Justices concur. Felton, J., concurs specially.*

ARGUED SEPTEMBER 15, 1970—DECIDED OCTOBER 8, 1970.

*Ed G. Barham,* for appellant.

*Coleman, Blackburn, Kitchens & Bright, J. Converse Bright,* for appellee.

FELTON, Justice, concurring specially. I concur in the judgment because the petition was not brought on the theory that it would be for the best interest of the child for it to be allowed to visit the father for at least two months during each summer. If the evidence authorizes the court to conclude, in a case based on the best interests of the child, that it would be in the best interest of the child for it to visit the father, where the parties reside great distances apart and the ordinary visitation rights are not practical, the law should be, in my opinion, that the court, on a proper showing, should have the power and authority to change the custody and visitation provisions of the original decree, either on the basis of a change in conditions affecting the practicability of the original visitation or custody rights originally granted, where it is shown that the best interest of the child would be best served by a change, or on the sole interest and right of the parent seeking a partial change in custody rights where it is not shown by convincing proof that the change would result in material and substantial detriment to the child.

The trial court's judgment in this case concludes with an observation which I think merits quoting, inasmuch as the questions suggested by the trial judge could not all be settled by this court even if it decided to alter some of its decisions where the only question involved is the best interest of the children of divorced parents, and not primarily the interest of the parent seeking a change in the original judgment.

The observation of the trial court is as follows: "The court would like to make the additional observation that the court feels that the rules heretofore laid down by the Appellate Courts of Georgia restricting the varying of a divorce decree are harsh as applied to the present case and that, through the years, varying circumstances which have resulted in families being split and scattered across the country would seem to justify a reappraisal of existing case law so that the interest of the parents

may be given more consideration without in any way lowering the uppermost requirement that the interests of the child in question always would be given first precedence.

"In the present case the court is of the opinion that the father ought to have the right to have the child visit with him and is willing for the father to have this right on a limited basis in the Valdosta area, but the court also is of the opinion that to grant the prayer set forth under number '3' of the complaint in this case, which would be to provide for the child to visit its father for two months each summer, would be tantamount to rewriting the original decree and, under existing law, this cannot be done. This court must follow the law until such time as it may be changed by statute or appellate decision."