26160.   OSBORNE v. OSBORNE.

HAWES, Justice. The appeal here is from the order and judgment of the Superior Court of Baldwin County changing the custody of two minor children from the mother to the father. The only issue before this court is whether there was any evidence to authorize a finding that there had been a change in the conditions or circumstances surrounding the children such as to indicate that the mother to whom they were originally awarded was no longer able or suited to retain their custody or that the conditions and circumstances surrounding the children had so changed that the welfare of the children would be enhanced by modifying the original judgment. *Bowen v. Bowen,* 223 Ga. 800 (2) (158 SE2d 233). We have carefully reviewed the evidence in

this case and have concluded that it did not authorize the order appealed from. The mother and father were divorced in November 1967. After she filed her complaint for divorce and pending the granting of the final decree, the mother removed herself and the children to Hickory, North Carolina. There she placed the children in a foster home where they remained before and after the final divorce decree for a period of approximately one year while she was going to school learning to become a beautician. The evidence shows, without dispute, that the mother had been unusually liberal in allowing visitation privileges to the father under the original decree and that on at least two occasions after she had delivered them to him for a visitation period he had refused to return them to her at the time agreed upon. On the first such occasion, he returned them to her only after a decree from a Tennessee court ordered him to do so. There was evidence of only one occasion when it might be said that the appellant had denied to the appellee the right to visit with the children, the evidence showing, however, that on that occasion he came to the place where she lived unannounced at a time when she had guests, or was expecting guests, and she then refused to permit him to visit with the children. Subsequent to that occasion, she voluntarily delivered them to the father for an extended visit and he retained custody of them, necessitating her bringing this action to secure their return. This evidence fell far short of showing a denial of visitation rights so as to authorize a change in custody under the doctrine announced in such cases. *Jones v. White,* 209 Ga. 412 (73 SE2d 187); *Lamb v. Nabers,* 224 Ga. 396, 398 (162 SE2d 336); *Beckman v. Beckman,* 225 Ga. 693, 694 (171 SE2d 135).

2. With respect to the evidence as to changed circumstances surrounding the children, it is sufficient to say that, while the evidence showed that the mother had, for a considerable period of time, delegated the custodial authority reposed in her by the original decree to a foster home, she had ceased this practice and the children were living with her in her home at the time she last delivered them to the father for a period of visitation. There was not one scintilla of evidence in any way tending to indicate unfitness on the part of the mother to have the chil-

dren or that her morals or habits had so changed since the original decree awarding the children to her that the welfare of the children had been adversely affected thereby. Under these circumstances, the evidence did not authorize the decree changing their custody.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 9, 1970—DECIDED JANUARY 29, 1971.

*Eva L. Sloan,* for appellant.
*Gardner & Peugh, James E. Peugh,* for appellee.