27099, 27100.   AYNES v. SCHEER; and vice versa.

HAWES, Justice. Mrs. Scheer, who was formerly Mrs. Aynes, filed suit against Mr. Aynes seeking custody or the right to have reasonable visitation with the three minor daughters who were the offspring of the marriage of the parties, which marriage had previously been terminated by divorce. Custody of the children had been awarded to the father in a previous proceeding. The court, in two orders, denied a change of custody but granted the plaintiff rights of visitation with the children. The father appealed from the latter judgment and the mother

filed a cross appeal from the former. It appeared that when the divorce was granted in May, 1964, the court awarded to the mother custody of the children. Thereafter, in May of 1967, the mother voluntarily redelivered custody of the children to the father and signed an agreement vesting in him exclusive custody and consenting that a judgment might be entered in the superior court having jurisdiction of the matter changing the custody. Thereafter, such a judgment was in fact entered on October 12, 1967. Neither the agreement signed by the mother and the father nor the judgment which was subsequently procured by the father contained any provision respecting visitation rights. However, the evidence shows without dispute that after the plaintiff delivered custody of the children to the father on May 1, 1967, and until about the middle of February, 1968, the defendant permitted the plaintiff to enjoy frequent visits with the children, and even on occasion requested the plaintiff to visit the children in order to assist him in caring for them when he was temporarily without the help of a housekeeper and governess for the children. Up until the middle of February, the plaintiff apparently had no difficulty in communicating with the children and in maintaining contact with them. However when the defendant learned that she was about to remarry he objected to her remarriage and thereafter refused to permit visitation, and sought to censor the mail and other forms of communication which the children might have with the plaintiff so as to completely cut them off from the plaintiff. This censorship continued up until the time of the hearing. There was no showing that the plaintiff was unfit. *Held:*

While the consent order previously entered, vesting full custody and control of the children in the father and omitting any reference to visitation rights in the mother, was binding on the parties under the principle of res judicata under the facts as they existed at the time the order was entered, the trial court was authorized to find

under the evidence respecting the attempts of the father to cut off all contact with the mother by refusing to permit them to receive letters from the mother or to correspond with her themselves or to receive telephone calls from her that there had been such a change in the circumstances and conditions under which the children were living that it was detrimental to their welfare to refuse to grant to the mother rights of visitation. See *Tyree v. Jackson,* 226 Ga. 690, 694 (177 SE2d 160), and cits. While visitation is a part of custody, the order of the court refusing to change custody, though apparently based on the premise that there had been no change in condition which would authorize a change in the custody previously granted to the father, was not so contradictory to the judgment granting rights of visitation as to vitiate the latter judgment. The judgment appealed from on the main appeal was authorized by the evidence, and the trial court did not abuse its discretion in granting visitation rights and at the same time in refusing to order a change in custody.

*Judgment affirmed on main appeal and on cross appeal. All the Justices concur.*

SUBMITTED MARCH 15, 1972—DECIDED JUNE 15, 1972—
REHEARING DENIED JUNE 28, 1972.

*Aynes, Feldman & Genins, Albert P. Feldman, Richard R. Kirby,* for appellant.

*H. P. Arnall, Don L. Hartman,* for appellee.