## 27607. MOORE v. WIGGINS.

SUBMITTED DECEMBER 1, 1972 — DECIDED JANUARY 5, 1973.

*Hutcheson, Kilpatrick, Watson, Crumbley & Brown, George T. Brown, Jr.,* for appellant.

*William E. Otwell,* for appellee.

GRICE, Presiding Justice. We review here a judgment denying the father's complaint against a mother seeking to modify the provisions of a decree relating to visitation rights as to their minor child.

The father Charles Palmer Moore filed in the Superior Court of Clayton County the complaint against the mother Linda S. Wiggins also known as Mrs. J. Thomas Wiggins.

The complaint, insofar as necessary to recite here, alleged as follows: that the father and mother were granted a divorce by the Superior Court of Cobb County on April 9, 1971; that permanent custody of the minor child was thereby awarded to the mother with the father

being granted specified week-end, summer, and holiday visitation rights.

The complaint also alleged that a change of condition has occurred since the decree in that the mother has remarried; that she and her husband are in the process of moving their permanent address to Jackson, Mississippi, and taking the child with them; that because of the great distance between the father's residence in the Atlanta area and the Mississippi residence, the existing visitation rights are no longer reasonable and will not afford the father adequate opportunities to visit with the child; that the father is entitled to have the decree modified so as to provide him with reasonable visitation privileges, considering the great distance that he will have to travel in order to exercise them.

The complaint prayed that the Cobb County decree be modified accordingly.

The complaint was twice amended.

The first amendment recited that the complaint was brought in the best interest of the child so that she would not be deprived of visitation rights with her natural father, which said child is entitled to receive if she is to experience normal growth and development.

The second amendment alleged that prior to the removal to Mississippi the father experienced difficulty in being allowed to visit with the child in that the mother and her husband changed their residence more than once for the purpose of discouraging visitation; that when the father attempted to pick up the child for regular visitation on certain occasions and was a few minutes late, the mother refused to allow visitation; and that relocation is for the purpose of preventing the father to visit with the child.

The mother in her answer admitted that she had changed her residence but denied that this was a sufficient change of condition which would allow a modification of the decree.

Upon the trial before the court, without a jury, evidence was introduced by both parties as to what had transpired since the decree of April 9, 1971, establishing visitation rights.

Upon conclusion of the evidence the court entered an order which in substance denied any modification of visitation rights upon the ground that when a mother removes a child beyond this state, while this may work a hardship on the father, the change of residence does not constitute a substantial change of condition so as to allow modification of the decree as to visitation rights, and that "to modify said Decree in such a situation would be an abuse of this Court's discretionary power."

The appeal in substance enumerates as error the denial of the father's complaint to modify the aforesaid decree in the following particulars: (a) That the evidence showed that the mother, since the decree, had moved her residence and that of the child to Mississippi, 400 miles from their prior residence; that this great distance placed the child away from the father so as to make the prescribed visitation impractical and very difficult for the father; that this evidence showed a substantial change of condition affecting the welfare of the child; and that the court committed error by ruling that such a change of residence does not constitute a substantial change of condition so as to authorize modification of the decree as to visitation rights. (b) That the court erred during the course of the trial in refusing to allow testimony as to prior difficulty the father had experienced in visiting with the child. (c) That the court's order denying the complaint to modify is erroneous as a matter of law in that it states therein that "to modify said decree in such sitaution would be an abuse of this court's discretionary power."

1. The evidence adduced upon the hearing was, in our view, not sufficient to require modification of the visitation rights provided for by the prior decree.

Initially, it should be pointed out that the decree was silent as to where the mother should reside in furtherance of the custody.

It appeared from the testimony that while the father remained at the same place from the prior decree of April 9, 1971, until his filing of the instant complaint on May 16, 1972, the mother and her new husband resided in several places in Cobb and Clayton Counties in the Atlanta metropolitan area.

During this period of some thirteen months the visits were apparently carried out to the satisfaction of the father except in two instances. On one of these he, by his own acknowledgment, was late in picking up the child. As to the other, his testimony was to the effect that the mother was not at home for him to pick up the child. No facts appear as to why this occurred.

As to the relocation of the mother, the child and the husband, the testimony showed that several days prior to a contemplated visit, the mother advised the father of the intended removal to Jackson, Mississippi, where the husband was to enter law school.

The father testified as to the inconvenience and expense which was involved in endeavoring to carry out the existing visitation rights, calling attention to the distance of approximately 400 miles from his residence in the Atlanta area to Jackson, Mississippi. The father sought to show that this was an inconvenience and financial hardship to him and was detrimental to the child in that it deprived her from benefiting from his influence and association in her rearing.

In evaluating the foregoing evidence for our purposes here, it should be borne in mind that "An award of custody is conclusive between the parties as to the right of custody, unless a change of circumstances affecting the interest and welfare of the child is shown, and visitation privileges are a part of custody." *Daugherty v. Murphy,* 225 Ga. 588 (2) (170 SE2d 428) and citations.

In *Hirsh v. Dobb,* 224 Ga. 130, 134 (160 SE2d 386), we held that "The mother's remarriage and removal to another state was substantially all that the father proved in his effort to show a change of conditions warranting a change of custody. These do not suffice. [Cits.] The evidence was ample to support the finding that there had been no material change of conditions." See also *Mercer v. Foster,* 210 Ga. 546, 548 (81 SE2d 458) and *Grubbs v. Dowse,* 226 Ga. 763 (177 SE2d 237).

The father contends that the foregoing evidence requires modification by virtue of such decisions as *Jones v. White,* 209 Ga. 412 (73 SE2d 187); *Lamb v. Nabers,* 224 Ga. 396, 398 (162 SE2d 336); and *Beckman v. Beckman,* 225 Ga. 693, 694 (171 SE2d 135).

These three cases are clearly distinguishable from the one at bar. In each there was a pattern of continued wilful acts obviously intended to thwart and nullify the visitation provisions of the decree rather than merely two complaints of denial in approximately thirteen months visitation as shown here.

In appraising the evidence in the light of the applicable decisions we are mindful that in determining whether there has been a material change in circumstances substantially affecting the welfare of the child, the trial judge has a discretion which will not be controlled by this court unless abused; and this court will not interfere with the findings of the trial judge when there is evidence to support it. See *Madison v. Montgomery,* 206 Ga. 199 (1, 2) (56 SE2d 292); and *Beckman v. Beckman,* 225 Ga. 693, 695, supra.

We find that here there was no abuse of discretion in denying the complaint to modify the custody provision of the decree in question.

Therefore enumerations 1 and 3 are not meritorious.

2. A different result is not required by sub-paragraph (b) of the enumerations of error, complaining that the trial court refused to allow testimony as to matters

dealing with prior difficulties that the plaintiff had experienced with visitation.

From the transcript of proceedings it is clear that when this matter arose the trial court was seeking to limit the testimony to a showing that the father was prevented from visits and also was attempting to disallow testimony appropriate to contempt proceedings. However, shortly thereafter the trial court relaxed this limitation and invited the father's counsel to submit any evidence that would show that the father was actually denied visitation privileges. Thereupon, the father's counsel accepted and presented testimony showing only the two occasions above referred to.

It follows that no error took place as to this or any other feature.

*Judgment affirmed. All the Justices concur.*