## 34284, 34301. BULL v. BULL (two cases).

PER CURIAM.
The Bulls were divorced in 1978. The former wife, appellant in this case, was given custody of the couple's infant daughter; the former husband, now appellee, was given visitation rights, including two weeks with the child each summer. At a hearing on August 3, 1978, the trial court ordered appellant to surrender the child to the father for one of his two weeks, but neither the mother nor child could be located. Appellee filed a motion to change custody from appellant to him, which was granted at an August 11 hearing at which appellant appeared through counsel. On August 23, appellant was held in contempt for her refusal to honor the father's visitation rights granted in the divorce decree and for her refusal to obey the order of August 11 changing custody. She appeals from both the order changing custody and from the finding that she was in contempt. We affirm.

1. Appellant was adequately notified of the August 11 hearing under Code Ann. § 81A-106 (d). Appellant's attorney did not raise the insufficiency of notice under the rules of the superior court to the trial court; he cannot now argue this point on appeal.

2. Appellant contends that the trial court abused its discretion in ordering the change of custody. We disagree. There is sufficient evidence in the record of the repeated denial of the non-custodial parent's visitation rights to authorize a change of custody. *Tyree v. Jackson,* 226 Ga. 690 (3) (177 SE2d 160) (1970).

3. The trial court required that appellant post a

$5,000 bond and observe appellee's visitation rights as determined in the final divorce and custody decree as conditions for obtaining a supersedeas of the order changing custody. The bond was permissible as a means of assuring compliance with the order of the court. Code Ann. § 6-1002 (a); *Durham v. Spence,* 228 Ga. 525 (186 SE2d 723) (1972). The requirement that appellant honor the father's visitation rights represents only a return to the status quo ante and was permissible.

4. The trial court's finding that appellant was in contempt was authorized by the evidence. *Griffin v. Griffin,* 226 Ga. 781 (177 SE2d 696) (1970). The trial court had not been deprived of jurisdiction because appellant had failed to serve her notice of appeal on appellee as required. Code Ann. §§ 6-802, 6-902.

*Judgments affirmed. All the Justices concur.*

ARGUED JANUARY 16, 1979 — DECIDED FEBRUARY 6, 1979.

*L. Burke Lewis,* for appellant.

*Custer, Smith & Manning, Larry B. Custer, R. Patrick White,* for appellee.