## 58621. FORTSON v. FORTSON.

DEEN, Chief Judge.

1. We accept jurisdiction of this petition for modification of divorce decree seeking change of custody on the basis of *Munday v. Munday,* 243 Ga. 863 (257 SE2d 282) (1979).

2. Motions to dismiss brought in the Superior Court of Clarke County on the ground that the proper forum for this suit would be Florida, were correctly overruled. Code § 74-504 provides: "(a) A court of this State which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if: (1) This State . . . (B) had been the child's home State within six months before commencement of the proceeding and the child is absent from this State because of his removal . . . by a person claiming his custody . . . and a parent or person acting as parent continues to live in this State." The complainant, mother of the two infants involved, is a resident of Georgia, where the father (respondent) and the children were also domiciled at the time of the divorce decree on February 20, 1979, which decree placed custody in the father. He then moved with them to Lakeland, Florida, and this action for change of custody was brought within the six-month period, on April 24, 1979.

3. A motion to declare Georgia forum non conveniens under Code § 74-509 was also denied. Both litigants and the children were residents of Georgia until less than three months before this action was filed; the mother continues to be a resident of this state; the most long term and significant contacts of the children are in this state and both parties were before the court during this proceeding. It must be held that the decision to retain jurisdiction in Georgia under the Uniform Child Custody Jurisdiction Act (Code § 74-501 et seq.) was not clearly wrong, and it will therefore be affirmed. Carson v. Carson, 29 Ore. App. 861 (565 P2d 763) (1977).

4. It has been held that a parent to whom custody has been awarded will not be deprived of that custody merely because he or she has removed from the jurisdiction, as this is not in and of itself a sufficient change of condition to warrant a new decree. *Moore v. Wiggins,* 230 Ga. 51 (195 SE2d 404) (1973). It has also been held that where the trial court refuses to declare the right of custody forfeited because of the father's intimacy with a woman friend unknown to his children and while they were in another place, such discretion will not be overturned. *Durden v. Durden,* 224 Ga. 417 (162 SE2d 385) (1968). The other

side of the coin is that where as here the father takes the former wife of his former wife's new husband, along with her two children and another young woman, to live in a trailer with himself and his children in another location where the children have no other contacts, and where the court after hearing all the evidence decides that it is to the best interests of the children to return them to the custody of their mother, this court will observe the same respect for the discretion of the trial court and will refuse to reverse. Cf. *Sturkie v. Skinner,* 214 Ga. 264 (104 SE2d 417) (1958).

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED OCTOBER 2, 1979 — DECIDED NOVEMBER 14, 1979.

*Lane Fitzpatrick,* for appellant.
*E. Phil Duderwicz,* for appellee.