## 67066. BRANTON v. STONE.

CARLEY, Judge.

Appellant was formerly married to appellee. Under their decree of divorce, appellant had custody of the parties' minor son, and appellee had certain specified visitation rights. Appellee instituted

change of custody proceedings, alleging that appellant had continually denied appellee's visitation rights and that appellant's care had led to a deterioration of their son's physical and psychological health.

After a hearing, the trial court transferred custody of the parties' minor child to appellee, and appellant appeals. There being no transcript of the evidence, and the parties being unable to agree on a narrative of the evidence presented, the trial court adopted the findings of fact set forth in its order transferring custody as the documentation of what transpired at trial. See OCGA § 5-6-41 (g) (Code Ann. § 6-805). We granted appellant's application for discretionary appeal.

In four enumerations of error, appellant asserts that the trial court abused its discretion in transferring custody of the child to appellee, that the trial court incorrectly applied the law, and that the facts found by the trial court were insufficient as a matter of law to support the ruling.

"Once a permanent child custody award has been entered, the test for use by the trial court in change of child custody suits is whether there has been a 'change of conditions affecting the welfare of the child.' [Cits.] On appeal in such a case, this court will not reverse if there is any 'reasonable evidence' to support the change in custody. [Cits.]" *Gazaway v. Brackett,* 241 Ga. 127, 128 (244 SE2d 238) (1978). This evidentiary standard applies when a custody dispute is between parents, as is the instant case, although the rule is substantially different when a custody dispute between a parent and a third party is involved. See *Blackburn v. Blackburn,* 249 Ga. 689 (292 SE2d 821) (1982) and *Blackburn v. Blackburn,* 168 Ga. App. 66 (308 SE2d 193) (1983).

The order of the trial court clearly indicates that the decision to change custody from the mother to the father was based upon a consideration of the best interests of the child. See *Robinson v. Ashmore,* 232 Ga. 498 (207 SE2d 484) (1974). The facts found by the trial court, evaluated under the "any reasonable evidence" standard, are not insufficient as a matter of law to establish a material change of conditions affecting the welfare of the child. *Bull v. Bull,* 243 Ga. 72 (2) (252 SE2d 494) (1979); *Tyree v. Jackson,* 226 Ga. 690 (3) (177 SE2d 160) (1970). See also *Lamb v. Nabers,* 224 Ga. 396 (162 SE2d 336) (1968). "In determining whether or not a material change in circumstances substantially affecting the welfare of a child or children has taken place, the trial judge is vested with a discretion which will not be controlled by this court unless it is abused." *Westmoreland v. Westmoreland,* 243 Ga. 77, 79 (252 SE2d 496) (1979). No abuse of discretion has been shown by appellant herein.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 3, 1984.

*C. Ronald Patton,* for appellant.
*James S. Garner III,* for appellee.